# Cases

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### May, 1889.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
GEORGE WASHBURN, Relator, v. SAMUEL B. FRENCH
AND OTHERS, COMMISSIONERS COMPOSING THE BOARD OF POLICE
OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK.

*Veterans of the war—dismissal of, from the New York police force, simply on account
of age, is improper — chapter 29 of 1886 relates to veterans in office as well as to
applicants for office.*

The relator was appointed a patrolman by the board of police commissioners of
the city of New York in the year 1856. In 1862 he entered the army and served
during the war, and to its close in 1865, when he was honorably discharged.
In 1865 he was again appointed a patrolman, and continued to be a member
of the force until June, 1887, when he had attained to the rank of captain. On
the last-mentioned date he was dismissed and placed on the roll of the police
pension fund for the reason that he had reached the age of sixty years, such
dismissal being made under the authority of section 2 of chapter 364 of the
Laws of 1885.

*Held*, that, under the provision of chapter 29 of 1886, providing that a veteran of
the war shall not be disqualified for holding any position on account of his
age, or by reason of any physical disability, provided that such age or disa-
bility does not render him incompetent to perform the duties of the position,
a dismissal of the relator from the police force simply upon the ground of his age
was improper.

The provisions of the act (chap. 29 of the Laws of 1886) relate to the qualifications
of veterans of the war actually in office as well as to those of such veterans who
are applicants for office.

Certiorari to review proceedings of the board of police commissioners, retiring the relator from service and placing him on the pension-roll.

*Louis J. Grant*, for the relator.

*David J. Dean*, for the respondent.

Van Brunt, P. J. :

The relator was appointed a patrolman in 1856. In 1862 he entered the army and served during the 'war to its close in 1865, when he was honorably discharged. Thereafter, in 1865, he was again appointed patrolman, and continued to be a member of the force until June, 1887, in the meantime having attained the rank of captain. On the last-mentioned day he was dismissed and placed on the roll of the police pension fund, because he had then reached the age of sixty years, the authority to make such dismissal being claimed from the provisions of section 2 of chapter 364 of the Laws of 1885. The question now brought up for review is whether the commissioners had the authority to discharge the relator, he being a veteran soldier and honorably discharged from the service of the United States, because he had reached the age of sixty years.

Section 2 of chapter 364 of the Laws of 1885 provides that any member of the police force who shall have reached the age of sixty years shall, by resolution adopted by a majority vote of the full board, be relieved and dismissed from said force and service and placed on the roll of the police pension fund. It is clear that, under this legislation, the commissioners had not only the power, but were required to make the removal upon the arrival of the relator at the age of sixty years.

It is, however, urged that the relator was relieved from the provision of the act of 1885, above quoted, because of chapter 29 of the Laws of 1886, which provided that chapter 410 of the Laws of 1882, an act to regulate and improve the civil service of the State of New York, should be amended by requiring the civil service commissioners to report names for appointment of veterans of the war, and that such persons shall be preferred for appointment for positions in the civil service over all other persons, though

graded lower than others so examined and reported, provided their qualifications and fitness shall have been ascertained as provided in the act. And it was further provided that the person thus preferred should not be disqualified from holding any position on account of his age or by reason of any physical disability, provided such age or disability does not render him incompetent to perform the duties of the position applied for.

In answer to this claim it is urged, upon the part of the respondent, that the provisions of the act of 1886 applied only to the applicants for appointment to the office, and have no bearing upon the qualifications of those actually in office. It is a familiar rule, in the construction of statutory and constitutional law, that the intention of the law-making power shall be ascertained from the language of the act, from the nature of the subject-matter as to which the legislation is enacted, and the objects to be attained by such legislation, and that the mere language of the act cannot be permitted to override such intention where it is clearly to be gathered from the act under construction and the surrounding circumstances. Now, it is apparent, from a reading of the act of 1886, that it was the intention to relieve veterans of the late war from the disabilities which other persons who had not the same claim to recognition were resting under in respect to holding office, and, therefore, it provided that such persons should not be disqualified from holding any position in the civil service of the State on account of his age or by reason of any disability, providing such disability did not render him incompetent to perform the duties of his office.

It certainly cannot be presumed to have been the intention of the legislature to place an applicant for an office in a better position than a veteran who had already been appointed. In other words, that a veteran whose qualifications were not sufficient of themselves to require his appointment under the civil service act because there were others who might be better qualified, should be preferred over a veteran who had been appointed because his qualifications alone compelled his appointment. It cannot be presumed that the legislature intended to work such an injustice, and if a construction can be adopted which gives force to the whole act and to an intention which does not work such an injustice, such a construction must necessarily be adopted.

It seems to us clear that the intention was to relieve veterans from the disqualification of age, and that in making use of the words "a person thus preferred" in the act of 1886, they undoubtedly intended that such person should not be disqualified from holding any position in the civil service on account of his age, not merely after he had actually been thus preferred for the purpose of appointment, but that he would, under the terms of the act, be entitled to that preference, if he could claim such preference, in case he was an applicant for appointment.

If this is not the true construction, then a member of the police force, who is removed on account of age, would have a right to apply, under the act, for reappointment, and the police commissioners would be required to reappoint him to the position from which he had been removed on account of age. This, of course, would refer but to patrolmen, and would not necessarily refer to the higher ranks of the service, which are required to be drawn from the lower positions of the force. Such an anomalous condition of affairs was never intended by the legislature. It is clear that it was intended to relieve veterans from the disqualification of age, and as a consequence the power of the commissioners to remove a veteran because he has reached the age of sixty was thereby repealed; and the relator having been removed for this cause, and being a veteran, is entitled to be reinstated.

The proceedings should be reversed and the relator reinstated, with costs.

Cullen, J., concurred.

Proceedings reversed and relator reinstated, with costs.