(13 App. Div. 56.)

PEOPLE ex rel. VAN PETTEN v. COBB et al.

(Supreme Court, Appellate Division, Third Department. January 12, 1897.)

1. OFFICERS—CIVIL SERVICE COMMISSION—STRIKING NAME FROM ELIGIBLE LIST.
    The civil service commissioners cannot strike a person's name from the list of those eligible for appointment to office, for alleged physical disability, without giving him notice, and a chance to be re-examined and heard, though his name was originally placed on the list without a proper physical examination, as the civil service act (Laws 1883, c. 354) gives to the commissioners no such arbitrary power, but provides (section 2, subd. 3) for a probationary appointment, which gives a remedy in case of error in placing a name on the list.

2. SAME—ANNULLING FORMER DECISIONS.
    The civil service commissioners cannot annul their decision as to a person's eligibility for appointment to office without meeting as a body to determine the question.

3. MANDAMUS—AGAINST WHOM THE WRIT MAY ISSUE.
    Mandamus will lie against the civil service commissioners to compel them to replace on the "eligible list" a name which they have unlawfully removed therefrom.

Appeal from special term, Albany county.

Application by John B. Van Petten against Willard A. Cobb, George P. Lord, and Silas W. Burt, constituting the New York civil

service commission, for a mandamus. From an order directing that a peremptory writ issue, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

T. E. Hancock, Atty. Gen. (G. D. B. Hasbrouck, of counsel), for appellants.

Thompson & Andrews (Arthur L. Andrews, of counsel), for respondent.

PUTNAM, J. The New York civil service commission appeals from an order, granted at special term, directing that a peremptory writ of mandamus issue requiring it to restore the name of the relator, John B. Van Petten, to the list of persons eligible to appointed as special agents under the liquor tax law.

On June 20, 1896, a notice having been duly given that an examination for applicants for appointment as special agents under the liquor tax law would take place before the civil service commission at Albany, Van Petten, an honorably discharged Union soldier, applied for entrance to the examination, at the same time filing a certificate of honorable discharge, and furnishing, as required by the civil service rules, the certificate of a physician and of three reputable citizens as to his physical ability, good character, etc. An examination was held on the 24th day of June, 1896. On the 22d day of July, relator received notice that he had passed the examination, and stood No. 2 on the list of persons eligible to be appointed special agents in the Third judicial district of the state. On or about the 18th day of September the commission removed the name of relator from the said list. No notice was given to him that any objection was made to the retention of his name upon the list of eligibles, or that any action was to be taken looking towards its removal, and he did not know, until he received a communication from the secretary of the commission on September 28, 1896, that such action was to be taken, or was contemplated. On the hearing in the court below affidavits of Mr. Lyman, the state commissioner of excise, and Mr. Angle, the secretary of the commission, were read to the effect that Mr. Van Petten, by reason of his advanced age and feeble physical condition, resulting in lameness and general decrepitude, was physically disqualified from performing the duties of special agent under the liquor tax law.

It is provided by section 9, art. 5, of the constitution that:

"Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive: provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

And by section 1, c. 821, Laws 1896, it is provided that:

"In every public department and upon all public works of the state of New York, and of the cities, counties, towns and villages thereof, and also in non-

competitive examinations under the civil service rules, laws or regulations of the same, wherever they apply, honorably discharged Union soldiers, sailors and marines shall be preferred for appointment, employment and promotion; age, loss of limb or other physical impairment which does not, in fact, incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved."

In Re Keymer, 148 N. Y. 219–225, 42 N. E. 667, Bartlett, J., remarks, in reference to the above-quoted provision of the constitution:

"It seems to us clear that this section of the constitution, read according to its letter and spirit, contemplates that in all examinations, competitive and noncompetitive, the veterans of the Civil War have no preference over other citizens of the state; but when, as a result of those examinations, a list is made up from which appointments and promotions can be made, consisting of those whose merit and fitness have been duly ascertained, then the veteran is entitled to preference, without regard to his standing on that list."

In response to the notice that an examination would be had for applicants for appointment as special agents under the liquor tax law, the relator, having appeared before the commissioners, and having furnished the certificate of a physician and three citizens as to his physical abilities and good character, as required by the rules of the commission, and submitted to the examination required, and having passed,—the commissioners calling for no proof of his physical condition except that furnished by the certificate of his physician,— and by the decision of the commissioners his name having been placed on the list of persons eligible for the appointment after such examination and finding, under the provisions of the constitution above quoted, and of section 1, c. 821, Laws 1896, was entitled to a preference for the appointment of special agent under the liquor tax law.

We are unable to find any provision, in the civil service act (chapter 354, Laws 1883) or elsewhere, conferring power on the defendant to arbitrarily deprive one that it had duly and regularly examined, and placed on the list of those eligible for appointment, of the right acquired by such determination. If the commissioners make a mistake in placing on the eligible list one not qualified, the act in question affords a remedy. Section 2, subd. 3, provides that "there shall be a period of probation before any absolute appointment or employment aforesaid," and section 2, subd. 8, that "notice shall be given in writing by the appointing power to said commission * * * of the rejection of such person after probation." Hence the statute apparently contemplates a probationary appointment as a remedy in case of an error or mistake of the commissioners, arising from an insufficient examination or otherwise, and not to an arbitrary rescission by them of their former determination. We are of opinion that the relator, after he had appeared before the commissioners and submitted to the examination required, and after he had been placed by them second on the list, by their determination as to his eligibility, was, under the provisions of the constitution and statute above quoted, and the civil service act of 1883, legally entitled to a preference for appointment, of which he could not be arbitrarily deprived. And this is so, although the commissioners did

not give relator a physical examination. They had the right to do so. Van Petten was properly before them, and submitted to the examination they required. He was legally entitled to an examination, and to the decision of the commissioners after such examination as to his eligibility. They chose to rely on the certificate of his physician as evidence of his physical condition. Although they placed him on the list without a proper examination as to his physical fitness, their action in the matter and their determination could not be vacated by them, at least without notice to him and an opportunity to be re-examined and heard.

It is not necessary to determine whether or not the commissioners, on receiving the communication from the state commissioner of excise, referred to in the papers, could have required Van Petten to appear before them again, and submit to a further examination as to his physical condition. It is a general rule that officers of special and limited jurisdiction cannot sit in review of their own orders, or vacate or annul them. People v. Wemple, 144 N. Y. 478, 39 N. E. 397; Osterhoudt v. Rigney, 98 N. Y. 222. It may be, however, that the commissioners could have reopened the case; but no such action was taken by them. The name of Van Petten was simply struck off from the list, without notice to him, or without giving him an opportunity to show his physical fitness for the office. By the action of the commissioners the relator has been, not only deprived of the preference to which he became entitled as the result of the examination had, and the placing of his name second on the list of eligibles, but he has, in fact, been deprived of the right of an examination as to his fitness for the office in question, to which he was justly entitled.

Again, the papers submitted to the court below by the appellants fail to show any proper and legal annulment by the commission, in September, of its former decision that Van Petten was eligible for appointment as special agent under the liquor tax law. As above suggested, we think the commission could not vacate its former action without giving Van Petten a right to be heard in the matter. It could not deprive him of the right of examination. Before it could legally determine, in September, that he was physically unfit for the office in question, it was compelled to give him a physical examination. But, if we are in error in this view, it was at least necessary for the members of the commission, before they could annul their former action, to meet as a body, and to determine that the relator was physically ineligible to the office in question. The papers presented to the court below fail to show any such action on their part. It is true that Mr. Lyman, state commissioner of excise, and Mr. Angle, secretary of the civil service commission, made affidavits that Van Petten was physically disqualified from holding the office of special agent under the liquor tax law. It was not shown, however, that the commission, as a body, ever met and determined the question as to his physical eligibility. As far as the evidence shows, the commission, having met in July, and placed the name of Van Petten on the list, afterwards, without notice, without an examination, without giving him an opportunity to be heard, and without any legal ac-

tion on their own part to vacate their former determination, arbitrarily removed his name from among those eligible to appointment to the office in question.

We are of the opinion that a peremptory writ of mandamus was properly issued. On the undisputed facts, the act of appellant in removing the name of relator from the list of eligibles, was unauthorized; also, the writ was properly directed to the civil service commission. It examined the relator and placed his name on the list of those eligible to appointment, and afterwards unlawfully removed his name therefrom.

Order affirmed, with costs and disbursements.

PARKER, P. J., and HERRICK and MERWIN, JJ., concur.

LANDON, J. I concur in result, and in so much of the opinion as supports the order appealed from.