(20 Misc. Rep. 217.)

PEOPLE ex rel. KITTENGER v. BOARD OF CIVIL SERVICE COM'RS OF CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County. April, 1897.)

CIVIL SERVICE—PREFERENCE OF VETERANS—LIMITATION AS TO AGE.
    The civil service rule of the city of Buffalo requiring applicants for positions to be between 21 and 60 years of age, and declaring such rule applicable in all cases "except so far as the same shall be superseded by the provisions of the laws of the state of New York, relating to the preference of honorably discharged soldiers and sailors," does not limit the appointment of soldiers and sailors to such as are within the designated age limit, it being provided by general law (Laws 1883, c. 354; Laws 1884, c. 410) that they shall not be disqualified from holding any position in the civil service on account of their age.

Application by Samuel Kittenger for writ of mandamus against the board of civil service commissioners of the city of Buffalo. Granted.

Arthur H. Williams, for relator.
Charles L. Feldman, for defendant.

TITUS, J. This is an application for a writ of mandamus, directing the civil service commission of the city of Buffalo to place the name of the relator, Samuel Kittenger, upon the eligible list of the civil service of the city of Buffalo for a clerkship under Schedule B, and that the civil service commission certify his name to the proper authorities for appointment when a vacancy occurs. The facts of the case, as presented by the papers, are not in dispute. The relator is a citizen and a resident of the city of Buffalo. He is an honorably discharged soldier of the late war, having been in the service nearly four years. He made proper application to the civil service commission for examination, having passed the medical examination as required by the rules of the

board.    He passed the civil service examination for a clerkship, and was duly placed upon the "eligible list" for certification and appointment when a vacancy should occur in the civil service.    At the time of his application he was more than 60 years old.    His name was never certified for appointment, the commission refusing so to do, and was subsequently stricken from the eligible list.    The defendant's counsel, in his brief, concedes that the relator "passed a satisfactory examination, and that he is qualified in all respects to perform the duties of the position which he seeks."    It is not questioned that the court, on this application, has power to grant the relief asked for (People v. City of Brooklyn, 149 N. Y. 250, 43 N. E. 554), but it is claimed that, as the relator is more than 60 years of age, he is disqualified, under the civil service rules adopted by the mayor of the city of Buffalo in January, 1896.

Beginning in 1883, many laws have been passed by the legislature bearing upon this subject, and many cases have come before the courts of this state, and it has been so uniformly held that honorably discharged soldiers are entitled to preference in appointment from the eligible list under these statutes that no discussion of the question seems necessary or profitable, but a simple statement of the law will be sufficient.    The commissioners cannot arbitrarily strike the name of a qualified applicant for position from the eligible list.    The statute has fixed his status, and their authority is limited by the statute to certifying his name to the appointing power.    People v. Cobb (Sup.) 43 N. Y. Supp. 120.    Section 9 of article 5 of the constitution provides that:

"Appointments and promotions in the civil service of the state, and of the civil divisions thereof, including cities, and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examination, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers from the army and navy of the United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to the standing on any list from which such appointment or promotion may be made."

Before the adoption of the new constitution, the legislature had, by chapter 354 of the Laws of 1883, and chapter 410 of the Laws of 1884, enacted a system of civil service laws for the state and municipalities which, in substance, contained the provision of the constitution above set forth, and the further provision that honorably discharged soldiers "shall not be disqualified from holding any position in the civil service on account of his age, nor by reason of any disability, providing such disability does not render him incompetent to perform the duties of the position applied for."

Section 16 of article 1 of the constitution provides that:

"Such acts of the legislature of this state as are now in force shall be and continue the law of this state, subject to such alterations as the legislature shall make concerning them."

It was held by the court of appeals in People v. Roberts, 148 N. Y. 360, 42 N. E. 1082, that "it was the intention under this provision to put all of the new provisions of the constitution in operation through the instrumentality of such laws as were in force, so far as practicable, and that these laws remained in force as

part of the civil service system of this state." It therefore follows that the laws enacted prior to the adoption of the constitution, and in force at that time, remain the law of the state, and must be construed as part of the civil service system which the framers of the constitution intended to provide for. The rules adopted by the mayor of the city of Buffalo in 1892 for the government of the civil service of this city contained this provision of the act of 1884, and provided further that "persons thus preferred shall not be disqualified from holding any position in the civil service on account of their age, nor by reason of disability, provided such age or disability does not render them incompetent to perform the duties of the position applied for." This provision was left out of the rules adopted by the mayor of the city of Buffalo in 1896, and the age limit of "from 21 to 60 years" was continued, and the following adopted:

"The foregoing manner of procedure * * * shall be followed in all cases not expressly provided for, except as far as the same shall be superseded by the provisions of the laws of the state of New York relating to the preference of honorably discharged soldiers and sailors."

It will not be claimed, I think, that the mayor had power, under the statutes, to nullify any provision of the act of the legislature giving preference to honorably discharged soldiers, if such a construction can be given to the rule adopted by him; but I do not think the language of the rule warrants any such construction. The laws of the state give preference to honorably discharged soldiers and sailors, and the rule was evidently adopted with the laws of the state in view. The commissioners were, therefore, mistaken in the interpretation which they gave to the rules prepared and adopted by the mayor of the city of Buffalo in 1896, and their act in refusing to certify the relator was contrary to them. The secretary of the civil service commission, in his affidavit, sets out the rule relating to the qualifications of applicants, and says that the relator was stricken from the eligible list of candidates "for the reason only that the said Kittenger was over the age of sixty years"; so that it is not necessary, in this view, to hold the rule void as being in violation of the laws of the state, but that the commissioners were mistaken in the interpretation which they placed upon them. It has been repeatedly held that honorably discharged soldiers and sailors are within the exception of the statute, if they are not in fact physically incapacitated by age or infirmity, and as to them no such limit can be fixed. People v. French, 52 Hun, 464, 5 N. Y. Supp. 712; In re Sullivan, 55 Hun, 285, 8 N. Y. Supp. 401; People v. Cobb, supra. These various acts relating to the civil service and the construction which the courts have placed upon them leave little to be said. That honorably discharged soldiers and sailors have the preference under the law, notwithstanding their age, if they are not incapacitated, is beyond legal controversy. The relief asked for by the relator must be granted. He is entitled to have his name restored to the eligible list of the civil service of the city of Buffalo, and, when a vacancy occurs in the class to which his examination entitles him, he should be certified in pref-

erence to others who are not honorably discharged soldiers, sailors, and marines.

Let a writ of mandamus to that effect issue to the civil service commission, with $10 costs to the relator.