THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUGO ROSSNER, Appellant, v. JOHN J. SCANNELL, Fire Commissioner of the City of New York, Respondent.

*Civil service — a fireman in New York city, on the eligible list prior to the Greater New York charter, is subject to its provisions as to age.*

Section 734 of the Greater New York charter (Laws of 1897, chap. 378) providing that no person shall be appointed to membership in the fire department who is not over the age of twenty-one years and under the age of thirty years, applies to a person whose name was upon the list of those eligible for appointment to the position of fireman at the time the Greater New York charter went into effect, but who had not become entitled to an appointment prior to that time.

APPEAL by the relator, Hugo Rossner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of February, 1899, denying his application for a peremptory

writ of mandamus directing John J. Scannell, fire commissioner of the city of New York, to request the municipal civil service commission of the city of New York to immediately certify the names of persons eligible for appointment to the position of fireman in the fire department of the city of New York, and to select and appoint, from said certification the name of Hugo Rossner, the only person now upon said list.

*Henry J. Furlong* and *John J. O'Connell,* for the appellant.

*Theodore Connoly,* for the respondent.

INGRAHAM, J. :

The relator in December, 1898, presented to the Supreme Court an application for a writ of mandamus founded upon a petition, in which he alleged that his name is now the only one upon the list prepared by the civil service commission of the city and county of New York, eligible for appointment to the position of fireman in the city of New York ; that his name is upon such list as the result of a competitive examination held in the year 1897, in which there competed only the old volunteer firemen of the territory annexed to the city of New York under chapter 934, Laws of 1895 ; that in the month of December, 1897, the name of the petitioner, together with the names of others on the said list, was certified for appointment by the civil service commission to the commissioners of the fire department ; that on the same day the physician attached to the fire department, upon making a final examination of the petitioner not provided for by the civil service regulations, declared that he had an affection of the heart, which should prevent his appointment, and that he was rejected ; and that by virtue of such rejection the petitioner's name was dropped from said eligible list, but that thereafter, namely, on March 24, 1898, the present civil service commission of the city of New York, after consideration of the facts in the case, restored his name to the eligible list of the volunteer firemen. In answer to this application it appeared by an affidavit of the secretary of the municipal civil service commission of the city of New York that the relator applied for the position of fireman in the fire department of the city of New York on May 18, 1897. In that application the petitioner stated that he was born

in Germany on April 13, 1865, and thus at the time of the making of the application he was over thirty years of age.

Assuming that the relator was eligible prior to January 1, 1898, he was not appointed upon the force of the fire department prior to that date, and it does not appear that at that time there was a vacancy on the force to which this relator was entitled to be appointed. By section 734 of the charter (Chap. 378, Laws of 1897), which went into effect January 1, 1898, it is provided that no person shall be appointed to membership in the fire department who is not over the age of twenty-one years and under the age of thirty years. There is nothing in the petition to show that the relator was entitled to an appointment prior to January 1, 1898, when this provision took effect. He was on the eligible list for appointment prior to that time and other persons upon that list were appointed, but it does not appear that the relator had a higher grading than those who were appointed. Assuming that he was on the eligible list entitling him to appointment when this provision of the charter before cited took effect, that provision prevented the commissioner from appointing him, as he was at that time over thirty years of age ; and whether or not he was eligible for appointment prior to January 1, 1898, is not material, as he was not eligible after the provision of the charter took effect. There is nothing in the charter to which our attention has been called that limits the application of this provision so that it would not apply to the relator, and we think that the respondent was expressly prohibited by this provision of the charter from appointing the relator to the position which he sought.

It follows that the order below was right and should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Order affirmed, with costs.