PEOPLE ex rel. MORIARTY v. CREELMAN et al., Municipal Civil Service
Commission of City of New York.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. MUNICIPAL CORPORATIONS (§ 67*)—OFFICERS—CIVIL SERVICE.
    The Legislature has power to prescribe the minimum and maximum age limits for persons entering the municipal civil service, and may delegate such power.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 161–165; Dec. Dig. § 67.*]

2. MUNICIPAL CORPORATIONS (§ 138*)—OFFICERS—CIVIL SERVICE—AGE LIMITATIONS.
    The New York City civil service commission cannot prescribe arbitrary and unreasonable minimum and maximum age limitations for candidates for positions in the service of the city.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 313; Dec. Dig. § 138.*]

3. MUNICIPAL CORPORATIONS (§ 138*)—CIVIL SERVICE—AGE LIMITATIONS.
    There is nothing in the nature of the duties of inspectors in the New York City bureau of fire prevention, outside of their duties as patrolmen (for whom the minimum age limit is 23 years), that a person who has attained majority may not be qualified for; and hence the action of the municipal civil service commission in prescribing a minimum age limit of 25 years for such inspectors was unreasonable and void, not only in so far as their duties are the same as those of patrolmen, but in respect to the other duties of the position.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 313; Dec. Dig. § 138.*]

4. MUNICIPAL CORPORATIONS (§ 138*)—CIVIL SERVICE COMMISSION—POWERS—AGE LIMITATION.
    Where the Legislature determines the minimum and maximum age eligibility for civil service positions, the municipal civil service commission cannot further limit such eligibility.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 313; Dec. Dig. § 138.*]

    Ingraham, P. J., and Miller, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Michael J. Moriarty, against James Creelman and others, constituting the New York City Civil Service Commission. From a judgment for respondents, relator appeals. Reversed and writ directed to issue.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Alfred J. Talley, of New York City, for appellant.

Terence Farley, of New York City (Elliot S. Benedict, of New York City, on the brief), for respondents.

LAUGHLIN, J. The record does not show when the bureau of fire prevention was established, or when the position of Inspector was created. It appears, however, that the examination to which the relator desires admission is the first that has been held by the municipal civil service commission for the position. The relator was appointed to the position temporarily on the 15th day of March, 1912, and it is fairly to be inferred that the bureau and position had then recently been established and created under the general authority conferred upon the fire commissioner by section 727 of the Greater New York Charter (Laws 1901, c. 466) "to organize the fire department into such bureaus, as may be convenient and necessary for the performance of the duties imposed upon him," but which did not expressly provide for a bureau of fire prevention. Evidently shortly after the creation of the bureau, this section was amended by chapter 458 of the Laws of 1912, which became of force on the 18th day of April, 1912, so as expressly to provide that the fire commissioner shall establish a bureau of fire prevention to perform the duties and exercise the powers with respect to the prevention of fires, which are devolved upon the fire commissioner by law or ordinance; and the fire commissioner was thereby authorized to appoint an official to have charge of the bureau and to be known as the chief of the bureau, and "such other officials and subordinates in each borough as may be necessary." By that amendment the Legislature also provided that, in the performance of their official duties, all officers and employés of the bureau of fire prevention "shall have the powers and perform the duties of peace officers, but their power to make arrests and to serve process in criminal actions shall be restricted to cases arising under laws or ordinances relating to fires, fire perils and fire prevention."

On the 20th day of March, 1912, a public notice in the name of the municipal civil service commission, signed by its secretary, was given that the commission would receive applications for the position of inspector, bureau of fire prevention, grades 2 and 3, from that day until the 3d day of April thereafter, and that application blanks would be mailed upon request, and with respect to the subjects of examination, the rating, the experience required, and the duties to be performed, and the eligibility of applicants as to age, and with respect to the number of positions and salaries it provided as follows:

"The subjects and weights of the examination are as follows: Experience, 3; Report, 1; Duties (special practical paper), 3; Duties (application of laws), 3.

"Seventy per cent. is required on each of the 'duties' papers and 70 per cent. on all.

"The duties of the inspector will be to inspect buildings, with a view to noting all hazardous conditions of construction, occupancy and use as loft, shop, factory, tenement, theater, etc., to ascertain sufficiency of means of escape; to investigate complaints, or reports, of officers of the fire department, as to fire risks, and to recommend such proper safeguards as may reduce or prevent fire danger.

"The candidate should have had experience as builder, architect or inspector, together with a knowledge of fire breeding causes, electric wiring, explosive materials, fire protection devices, means of extinguishing fires, methods of inspection and familiarity with the laws of the bureau of buildings, tenement house, labor and fire prevention and municipal explosives commission, so far as they affect inception of fires and protection of life.

"Physical examination will precede mental. Dates will be announced later.

"Minimum age is 25; maximum age is 45. Numerous appointments will be made. Salaries: $1,200, $1,500, $1,800 per annum."

The relator was 23 years of age on the 26th day of March, 1912. He obtained an application blank and duly filled it out, stating truthfully his age, and subscribed his name, and attempted to file it with the commission; but it was rejected solely upon the ground that he was under the age of 25 years.

The questions presented by the appeal are whether the municipal civil service commission was authorized by law to prescribe a minimum age as a condition precedent to admitting an applicant to the examination, and, if so, whether the commission took the requisite action to adopt a regulation prescribing a minimum age, and, if so, whether the exercise of the authority and discretion vested in the commission has been so arbitrary and unreasonable as to render its action illegal.

[1] The Constitution and laws of this state recognize, and at common law it was the rule, that for all ordinary purposes of transacting business, holding public office, and discharging the duties of citizenship full competency and discretion are attained at the age of 21 years. See Const. art. 2, § 1; Public Officers Law (Consolidated Laws, c. 47) § 3. A higher minimum limitation of eligibility for certain public offices has been prescribed by the Constitution, and by many statutory enactments (see Constitution, art. 4, § 2; Greater New York Charter, § 1353, c. 659; Laws 1910, §§ 13, 52), and in some instances a maximum age has been prescribed (Greater New York Charter, §§ 284, 734; Const. art. 6, § 12). With respect to positions in the civil service of the state, the Legislature has not prescribed either minimum or maximum limitations; but the state civil service commission, by virtue of the authority conferred by the Legislature by section 10 of the Civil Service Law (Consol. Laws 1909, c. 7), which authorizes the commission "from time to time make rules for the classification of the offices, places and employments in the classified service of the state, and from time to time rules for the classification of the offices, places and employments in such civil divisions thereof, except cities, as after due inquiry by the commission

shall be found practicable, and for appointments and promotions therein and examinations therefor, not inconsistent with the Constitution and the provisions of this chapter," and to "amend the same from time to time," has prescribed in subdivision 3 of rule 9 that no application for examination shall be accepted, unless the applicant is within the age limitations fixed by the commission for entrance to the positions to which he seeks to be appointed, and rule 23 provides that the commission shall prescribe and enforce suitable regulations for carrying into effect the provisions of the civil service laws and rules. Although the authority to make rules is vested in the state civil service commission, the rules do not take effect until approved by the Governor. Civil Service Law, § 10. By subdivision 1 of section 6 of the Civil Service Law, it is provided that the rules of the state and municipal commissions prescribed pursuant to the provisions of that law shall have the force and effect of law. Section 10 of the Civil Service Law also provides that:

"Subject to the provisions of this chapter and of the rules established thereunder, the commission shall make regulations for and have control of examinations for the service of the state and the civil divisions thereof, except cities. * * *"

It has been assumed by the state civil service commissioners, and, so far as the reported cases show, their action has been acquiesced in without question that, by virtue of the statute and of the rule herein quoted, they were vested with authority and discretion to prescribe minimum and maximum age limitations for applicants for admission to examinations, and in some instances they prescribed the minimum age 14 years and in others 25 years or under and over majority, and for all positions not otherwise prescribed they have prescribed generally the minimum age as 21 years, with no maximum limit. See Regulation 4, subd. 5, of State Civil Service Regulations. The Municipal Civil Service Commission has prescribed, by regulation entitled "Age Limitations," a minimum limitation of 18 years for the positions of clerk, second grade, stenographer and typewriter, axeman and junior draughtsman, and 23 years for patrolman, 30 years for police matron, and 21 years for fireman, prison keeper, and police doorman, and 21 years "for all other positions unless otherwise prescribed," and with respect to most of these positions it has also prescribed a maximum age limitation, which in some instances was also fixed by statute.

By section 11 of the Civil Service Law, the municipal civil service commission is authorized, subject to the approval of the mayor and of the state civil service commission, to "prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of such city, and for appointments and promotions therein and examinations therefor; and for the registration and selection of laborers for employment therein, not inconsistent with the Constitution and the provisions of this chapter," and to "amend the same from time to time." Pursuant to these statutory provisions, a rule for the municipal civil service of the city of New York was adopted which provides as follows:

"Where the duties of any classified position are of a character requiring the appointment of persons with particular limitations of age the commission may, subject to the provisions of the Civil Service Law relating to veterans, fix such limitation by regulation." Subdivision 6 of Municipal Civil Service Regulation 7.

Said section 11 of the Civil Service Law also provides that subject to the provisions of the chapter in which said section is contained and of the municipal civil service rules "the municipal commission of any city shall make regulations for and have control of examinations and registrations for the service of such city, and shall supervise and preserve the records of the same."

No decision is cited in which the authority of the state or municipal civil service commission to prescribe minimum and maximum age limitations has been considered, and we have found none, with the exception of People ex rel. Kittenger v. Bd. of Civ. Serv., 20 Misc. Rep. 217, 45 N. Y. Supp. 46, in which the relator was a veteran protected as to age by section 21 of the Civil Service Law. It is manifest that the Legislature possesses authority to prescribe minimum and maximum age limitations with respect to persons entering the state and municipal civil service, and, if this were not so, the validity of numerous statutes that have been enacted on this subject would doubtless have been brought in question, instead of having been acquiesced in as constitutional (see People ex rel. Rossner v. Scannell, 49 App. Div. 244, 62 N. Y. Supp. 1064; People ex rel. Smith v. Creelman, 149 App. Div. 716, 134 N. Y. Supp. 395), and any authority it possesses in this regard doubtless may for the purpose of administration be delegated (People ex rel. Percival v. Cram, 50 App. Div. 380, 64 N. Y. Supp. 158, reversed on another point, 164 N. Y. 166, 58 N. E. 112; Opinion of the Justices to the House of Representatives, 138 Mass. 601; Village of Saratoga Springs v. Saratoga S., etc., Co., 191 N. Y. 123, 83 N. E. 693, 18 L. R. A. [N. S.] 713; People ex rel. Joline v. Willcox, 129 App. Div. 267, 113 N. Y. Supp. 861; affirmed 194 N. Y. 383, 87 N. E. 517). It thus appears that it has for a long time been assumed that the Legislature delegated some authority and discretion to the state and municipal civil service commissions, with respect to minimum and maximum age limitations, and this has been acquiesced in, not only by the Legislature, but apparently by the public and by those directly interested and affected thereby. It is evident that there should be some limitation in these respects for otherwise those manifestly too old to be depended upon to perform public duties, and, where the position is not a public office requiring majority for eligibility, young children, would be entitled to enter the examinations. I am of opinion, therefore, that the court should hesitate before declaring that it is not competent for the civil service commissions to prescribe minimum and maximum age limitations where the Legislature itself has not done so.

[2] I am of opinion, however, although there is no precedent on the precise point, that any legislative authority or discretion vested in the commissioners with respect to the minimum and maximum age

limitations must be exercised with due regard to the rights of citizens who have attained their majority and are otherwise qualified to enter the public service, and, if the commissioners make a regulation arbitrarily without any reasonable basis by which citizens are precluded from entering the examination, the regulation should be declared to be illegal, and the commission should be commanded to disregard it. See People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785; Simons v. McGuire, 204 N. Y. 253, 97 N. E. 526; Baird v. Board of Supervisors of Kings County, 138 N. Y. 95, 112, 33 N. E. 827, 20 L. R. A. 81.

[3] In so far as the duties of the position in question are the same as the duties performed by patrolmen, the action of the commission in prescribing a minimum age limitation of 25 years, when the minimum age limitation it has prescribed for patrolman is only 23 years, is unreasonable, and cannot be sustained. The theory upon which it is sought to sustain the minimum limitation of 25 years is that three examiners in the employ of the commission consulted with the fire commissioner and the chief of the bureau of fire prevention, with respect to the duties of this position, by direction of the chief examiner of the commission, who was authorized by subdivision 3 of rule 7 of the municipal civil service rules to consult, "when necessary, with appointing officers concerning the qualifications required for particular positions," and they advised that "they did not think that men under 25 years of age would as a general rule possess" the experience specified in the published notice of the commission herein quoted, and recommended "in consequence that applications be not received from men under 25 years of age"; and the three examiners, in their report to the chief examiner, recommended such limitation, which was approved by him and by the president of the municipal civil service commission. I am of opinion that this was an arbitrary limitation, and that it does not rest upon any proper basis. The commission would doubtless have a right to require a reasonable practical experience to fit the applicant for the duties as a condition of admitting him to the examination; but it is quite evident that that cannot be accomplished by this age limitation. There is nothing in the nature of the duties to afford a reasonable basis for a determination in advance of an examination that no person can possibly be qualified to perform the duties unless he has attained the age of 25 years. Indeed, the reason assigned for prescribing this limitation is not that no person could possibly have had proper experience before attaining such age, but that ordinarily they would not have it. In the case of a policeman, it may fairly be said that mature age is required for the exercise of the authority and discretion with which he is clothed and vested, but there is nothing in the nature of the other duties of such inspectors upon which it may be said that no person who has attained his majority can be qualified to properly discharge the duties of the position.

[4] Moreover, it would seem that an inspector in the bureau of fire prevention becomes a member of the fire department, and, if so,

the Legislature itself in section 734 of the Greater New York Charter, has prescribed the minimum age of eligibility as 21 years, and, if that provision be applicable, it would not be competent, in any event, for the municipal commission to prescribe a different age. No argument of counsel has been based on the provisions of that section, nor has the attention of the court been drawn thereto by the points, or on the argument. It is, however, in the same title and chapter of the Charter as said section 727 which authorizes the creation of the position in question, and it provides, among other things, that:

"No person shall be appointed to membership in the fire department * * * who is not over the age of twenty-one years and under the age of thirty years, except that after a person's name is placed on the eligible list, he may be appointed while his name continues on the same list, although meanwhile he may have attained such age."

Unless there be some other statute which we have not found, inspectors of the bureau of fire prevention, which is a bureau of the fire department, are members of the fire department, regardless of whether they become members of the uniformed force, on which point we are not informed, and it would seem that the Legislature itself has determined the minimum and maximum age of eligibility, and did not intend to vest authority in the commission to further limit eligibility within the ages specified in the statute.

It does not appear that the minimum age of 25 years was prescribed by any regulation adopted by the commission, as would be required to make it effective (see People ex rel. Carroll v. Civil Service Bd., 5 App. Div. 164, 39 N. Y. Supp. 75; People ex rel. Van Petten v. Cobb, 13 App. Div. 56, 43 N. Y. Supp. 120), for the only adoption of the regulation was the approval of the report of the examiners by the president of the commission; but, if we were to dispose of the appeal upon that ground, the objection might be removed and the other questions, which have been fully argued, would arise again. I am of opinion, therefore, that the appeal should be disposed of upon the broader ground that the commission was not vested with authority or discretion to fix the minimum age limit for this position at 25 years, and that, therefore, the relator was entitled to enter the examination.

It follows that the order should be reversed, with $10 costs and disbursements, and a peremptory writ of mandamus should issue requiring the commission to accept the relator's application, and to admit him to the examination.

CLARKE and DOWLING, JJ., concur.

INGRAHAM, P. J. I do not concur in the reversal of this order. I think the defendants were authorized to prescribe a reasonable age limit for persons seeking to enter into the public service of the municipality, and that by subdivision 1 of section 6 of the Civil Service Law the rules of the state and municipal commissions have the force and effect of law. This power has been exercised by the state and municipal commissions since they were, respectively, established, and,

this discretion having been vested in these commissions, I do not think the court should substitute its opinion as to the necessity of such age limitations. As to certain positions, the state itself has fixed an age limitation and as to other positions in which no such limitations have been established by law. We have little information as to the duties to be performed by these inspectors and the qualifications required of them in the performance of such duties. We must all appreciate that the ordinary examination of applicants for public office is an inadequate method of selecting the most competent for the positions to be filled, yet it is the method prescribed by the Constitution and the only practical method which has been devised to test the qualifications of applicants for appointment. But, when a position requires special qualifications which are generally absent in very young or very old men, it seems to me that it is reasonable that the commissioners should require those offering themselves for examination to have reached a certain age which would tend to insure greater facility and maturity of judgment where discretion is an important element in the discharge of the duties devolving upon the official who is to fill the position. It cannot be said that every citizen of this state has any inherent right to any public office, or that his right to apply for appointment to office is protected by the Constitution. The state is entitled to prescribe such reasonable rules and regulations as will insure the most efficient performance of the duties of the public officials, and, where there is no express provision of law, I think it within the discretion of these civil service commissions to adopt such reasonable regulations as will insure the selection of the most competent persons for the positions to be filled. It appears that the age limit was fixed by the commissioners after consultation with the fire commissioner and chief of the bureau of fire prevention with respect to the duties of the position and their advice was adopted by the defendant after the recommendation of the three examiners. The fact that the Legislature has seen fit to prescribe as the minimum age of a person to become a member of the fire department has no relation, it seems to me, to the position of inspector in the bureau of fire prevention. While such an inspector becomes a member of the fire department, he is something more and occupies a different position from persons occupying other positions in the fire department.

I therefore dissent.

MILLER, J., concurs.