In the Matter of the Application of ROBERT JOHN MULLINS, Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act against PAUL J. KERN and Others, as the Municipal Civil Service Commission of the City of New York, and LEWIS J. VALENTINE, as Commissioner of Police of the City of New York, Respondents.

In the Matter of the Application of EMMANUELE W. MONGELLO, Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act against PAUL J. KERN and Others, as the Municipal Civil Service Commission of the City of New York, Respondents.

Orders affirmed, with twenty dollars costs and disbursements. No opinion.

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.; Callahan, J., dissents; dissenting opinion by Callahan, J.

CALLAHAN, J. (dissenting). I dissent on the ground that the petitioners are protected by the saving clause of the New York City Administrative Code (§ 963–1.0), which provides that no existing right or remedy of any kind shall be lost or impaired by reason of any provisions of the Code. Therefore, the residence law,* which became effective as a part of the Administrative Code, █ could not affect the right to appointment of persons on existing competitive civil service lists. Though not possessing a vested right to appointment, these persons had some existing right, and it is plain that the legislative intent was that it should not be interfered with.

The decision in *People ex rel. Rossner* v. *Scannell* (49 App. Div. 244) is not to the contrary. An examination of the record on appeal in that case shows that no saving clause was called to the court's attention, and the opinion of the court expressly states that it was based on the absence of any clause limiting the provisions of the statute under consideration, so that it would not apply to the relator Rossner.