(58 Misc. Rep. 279.)

PEOPLE ex rel. O'HARA v. NEVILLE et al.

(Supreme Court, Special Term, Westchester County. March, 1908.)

1. MUNICIPAL CORPORATIONS—OFFICERS AND AGENTS—APPLICABILITY OF CIVIL
SERVICE LAWS—CONSTRUCTION.

The civil service regulations of cities governing promotions, etc., in the police department, have the force of statutes, and are subject to the same rules of construction.

2. SAME—RESTRICTIONS OF CIVIL SERVICE RULES—EXAMINATIONS—TIME OF EX-
AMINATION—"REASONABLE NOTICE."

Civil service rule 7 requires the civil service commission to give all persons whose applications are on record five days' notice to appear for examination. Rule 28, subd. 5, requires the commissioner to direct a competitive examination under the provisions of this rule, and to publish the same by notice to those eligible, giving the time, etc., of the examination, and subdivision 7 thereof provides that the examination shall be subject to the general provisions of rule 13, etc., subdivision 6 of which requires notice of an examination for making a new eligible list to be given to those whose names remain on the former eligible list which has expired. *Held*, that five days' notice required by rule 7 was applicable to examinations for promotions by virtue of the reference in rule 28 to rule 13, but, even if rule 7 was not applicable, rule 28, subd. 5, required that applicants be given at least reasonable notice of examination, and, construing the rule in the light of the previous practice of the local and state commission under similar rules, where relator was given notice at 7 p. m. on one day to appear for examination at 7 p. m. the next day, he being on duty from 6 p. m., on the day of receiving notice to 5 p. m. the next day, was not a reasonable notice, and relator was entitled to have another opportunity for examination.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 5974, 5975.]

Mandamus by the people of the state of New York, on the relation of Michael O'Hara, against Robert H. Neville and others, members of the municipal civil service commission of the city of Yonkers, to compel respondents to hold a promotion examination of policemen. Peremptory writ granted.

Walsh, Wallin & Beckwith (William A. Walsh, of counsel), for relator.

Thomas F. Curran, for respondent.

MILLS, J. This is an application made by the relator for a peremptory writ of mandamus to the defendant, the municipal civil service commission of the city of Yonkers, requiring them to hold a promotion examination for the purpose of creating an eligible list for appointment therefrom to the position of sergeants in the police force of the city of Yonkers. Three vacancies having occurred in the office or position of sergeant in such force, the municipal civil service commission, having received from the police board of the city due notice of the existence of said vacancies, were about to certify to such board for appointment certain roundsmen from an eligible list, which had been established through due examination more than a year previous, which list did not contain the relator's name; he not having been eligible to take such examination. In other words, the commission proposed to so certify without holding any new examination, and establishing there-

from any new list. Upon application of the relator, who had become ·
eligible to take such examination if then held, this court at Special
Term, Mr. Justice Keogh presiding, on December 28, 1907, held that
such list had remained valid only for one year, as provided and limit-
ed by subdivision 7 of rule 28 of the rules for the classified service of
the city of Yonkers, which had been duly established according to
law, and were then in force, and that said commission could not validly
certify from such list, such year having expired, and that they must
hold a new examination, and therefrom establish a new eligible list
from which certification and appointment must be made. A peremp-
tory writ of mandamus accordingly was that day granted and issued.
Thereupon the commission determined to hold such examination that
evening, upon about six hours' notice, all that was then practicable to
the persons eligible to take such examination. Later that same after-
noon an order to show cause was made why a peremptory writ of man-
damus should not issue requiring said commissioners to give five days'
notice of the examination to all persons eligible to take the same, and
restraining said commission from proceeding with such examination
without such notice being given until the hearing upon the return day
of the said order to show cause, which was to be on the 4th day of
January, 1908. Upon the afternoon of Monday, December 30th, at
about 3 o'clock p. m., the commission by their counsel made applica-
tion to me at chambers to modify said order to show cause by vacating
the restraining clause or part thereof, upon the ground that the mem-
bers of said commission would retire from office at the end of the next
day, the 31st of said December, their official terms expiring with the
year 1907, and that if said restraining part of the order was kept in
force, and it should, upon the hearing, be determined that the notice
which they had given or was still able to give of their examination
were sufficient, they would have been prevented absolutely from per-
forming a lawful duty, whereas, upon the other hand, if upon such
hearing the contrary appeared, their examinatiaon would simply be
held to have been invalid and ineffective, and the situation would then
be unchanged. The matter as to the legal requirement as to the length
of notice being somewhat in doubt in my mind, I thought it proper to
vacate such portion of the order to show cause, and leave the com-
mission to proceed with the examination, as they might be advised,
subject, of course, to the decision of the court upon the hearing as to
its validity, making, however, a suggestion that the commission should
give at least 24 hours' notice of the examination, which, indeed, was
all the notice then practicable for them to give. The order modifying
that order to show cause was then, about 4 o'clock p. m. of December
30th last, made. Thereafter, at about 6 p. m. of the same afternoon,
the members of the commission met and resolved to hold such examina-
tion the next day, December 31st, at 7 p. m., and forthwith issued
notice thereof to each of the four roundsmen, including the relator,
who were eligible to take such examination. Such notice was at once
posted in the police station, the office where such vacancy existed, and
a copy or duplicate thereof, by special delivery letter, mailed to the
relator at the Yonkers post office, at 6:20 p. m. that afternoon, De-
cember 30th. Such letter containing such notice was actually delivered

to the relator while he was upon duty within said city, at 7:15 that afternoon. By due assignment from his superiors, relator was continuously upon police duty in said city as a roundsman from 6 o'clock in the afternoon of that day, December 30th, until 5:30 p. m. of the following day, December 31st, about an hour and a half before the time appointed for the examination.

The relator had contended that the notice given to him of such examination was entirely inadequate, and therefore did not appear for, or enter the same. A few minutes before 7 p. m., the time appointed for the commencement of the examination, he, by his attorneys, presented to and filed with the commission a protest against the examination being then held, upon the ground that he had not received sufficient, proper, or legal notice of such examination, "as is provided by the rules of the municipal civil service commission of the city of Yonkers, and the statutes in such case made and provided." The matter has now been heard at Special Term upon the affidavits of both parties, and upon oral argument made, and briefs submitted. There is upon the affidavits no disputed question of fact, except that the respondents presented the affidavit of the captain of the police force, to the effect that, while the relator was on duty as averred by him from 6 p. m. December 30th to 5:30 p. m. December 31st, he nevertheless had during that period some hours (the number not specified) for reserve duty, "that means sitting in the station house, reading, studying, sleeping, or doing whatever he thought fit to do," but I assume at all times subject to immediate call. The commission held the examination at 7 p. m. December 31st. The other eligible roundsmen, three in number, appeared, passed the examination, and were certified to the police board, and that evening appointed by the latter sergeants to fill said vacancies; the official terms of both commissioners and the police board expiring with that day. It therefore appears that the question here presented for determination is whether or not the notice given by the commission to the relator of such examination was legally sufficient; it being undisputed that he was qualified and eligible to take the examination, and entitled to due notice thereof.

The matter is governed by the provisions of the rules above referred to, which have the force of statutes, and are subject to the rule of construction applicable to statutes. Carmody v. City of Mt. Vernon, 3 App. Div. 347, 349, 38 N. Y. Supp. 314. Rule 7 of said rules is headed, "Notification of Examinations," and provides in the first paragraph thereof as follows:

"Whenever the demand of the service may require, the municipal civil service commission will notify, by mail, all applicants whose applications have been filed, and are on record, to appear for examination, giving at least five days' notice of the place, date and hour for such examination."

Rules 5 and 6 preceding provide as to the matter of application to take examinations. The examination held in this case was for promotion, and was limited to those who had served with fidelity in the next lower official position for a given period of time. Rule 28, headed "Promotions," provides for an examination of that kind. Subdivision 5 thereof provides especially as to notice in the following terms:

"The appointing officer shall notify the commission of any vacancy in a position in his office, to be filled by promotion, and thereupon after consultation with the appointing officer, the commissioner shall direct a competitive examination of those entitled to enter the same, under the provisions of this rule, and shall publish the same by notice giving the date and place posted conspicuously in the office where such vacancy exists, and sent by mail to those eligible to such examination."

It is the contention of the relator that the requirements of rule 7, as to the giving at least five days' notice of the place, date, and hour for such examination, is applicable to the notice required to be given by subdivision 5 of rule 28. It will be observed that such subdivision does not provide at all as to the length or time of such notice. His contention is that rule 7 shall be regarded as general in character and applicable to all examinations in every respect, except where as to a particular examination a provision to the contrary may be found. He also contends that subdivision 7 of rule 28, which provides that the conduct of such examination and the preparation of the eligible list shall be subject to the general provisions of rules 10, 11, and 13, etc., makes the requirements of rule 7, as to the length of notice applicable, because he claims that subdivision 6 of rule 13 in effect requires a repetition of the notice provided by rule 7. Such subdivision provides for a notice of a new examination for the making of a new eligible list to be given to such persons whose names remain on the former eligible list which has expired by limitation of time. In other words, his argument is that, under the scheme of the rules, the presence of the names upon the old eligible list stands in place of the original filed applications, as entitling the person to the notice of the new examination, as the original application did entitle him to notice of the first. It appears from the affidavits that during nearly three years in which these rules were in force prior to December, 1907, the commission had uniformly before given five days' notice of a promotion examination. That, in other words, its members themselves had practically construed the rules as making the requirement of rule 7, as to length or time of notice, applicable to promotion examinations. The claim on the part of the respondents, on the other hand, is that the requirement of five days' notice contained in rule 7, is not at all applicable to promotion examinations, but is limited to the examinations of applicants whose applications may have been filed, as required by rule 5, and that the length or time of notice to be given of a promotion examination is left as a rule to the judgment and discretion of the commissioners themselves. The researches of counsel have not enabled them to find any authority directly upon this question, although it is understood that these rules are substantially like those generally in force in the cities of the state.

Upon careful consideration, I am disposed to think and conclude that the relator's contention here is correct, and that the requirement of five days' notice contained in rule 7 is generally applicable, or, at least, applicable for promotion examinations by virtue of the reference in rule 28 to rule 13. If this view of the matter, however, be not correct, still it is clear I think that the commission by subdivision 5 of rule 28 was bound to give to the relator and to each person eligible to such examination reasonable notice thereof. It does not seem that it can

fairly be held that a notice given to the relator at 7 p. m. of one day to appear for examination at 7 p. m. of the next day, when he was assigned to his official duty from 6 p. m. of the first day, that on which he received the notice, until 5 p. m. of the next day, and compelled to perform such duties for such period, was reasonable. Upon the question of reasonableness, the practice of the local commission and of the state commission under similar rules constitutes strong evidence. It appears from a letter of the secretary of the state board submitted that its practice under a similar rule has been to give at least one week's previous notice of promotion examinations, and, as above stated, the affidavits show that the local commission here of the city of Yonkers has always prior to this attempted examination given five days' notice of each promotion examination. It would seem that the object of giving notice ought reasonably to be to give, not only time to physically attend to the examination, but also time to some extent at least to mentally prepare therefor. It is readily apparent that the time given this relator was wholly inadequate for the latter purpose, and, indeed, considering his actual and enforced duty for the whole intervening period, except an hour and a half, was scarcely sufficient for his physical presence; i. e., in a physical condition fit to undergo examination.

Upon the whole, therefore, whether the rule should be construed as requiring five days' notice of a promotion examination, or only as requiring a reasonable notice thereof, it is my conclusion that the notice actually given was entirely insufficient, and that, therefore, the relator is entitled to the relief that he asks. Doubtless the members of the commission by the decision that the former eligible list had expired upon which they had just acted found themselves in an embarrassing position, and naturally desired to make good the work that they had atempted to perform, but which by such decision was made ineffective. Unfortunately however, the time of official life remaining to them was too short to enable them to do that work over again so that it can be permitted to stand.

In the absence of previous judicial construction upon the rules on this point, it was not improper for them to attempt, as they did, to make good their work, and no reflection upon them is herein intended.