### PEOPLE ex rel. CARIDI v. CREELMAN et al.

(Supreme Court, Appellate Division, First Department.   May 31, 1912.)

1. EVIDENCE (§ 47*)—JUDICIAL NOTICE—CIVIL SERVICE RULE.
   The court cannot take judicial notice of a municipal civil service rule prohibiting the selection of municipal employés as examiners.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 69; Dec. Dig. § 47.*]

2. MUNICIPAL CORPORATIONS (§ 133*)—OFFICIAL ACTS OF CIVIL SERVICE COMMISSIONERS—JUDICIAL REVIEW.
   The official acts of municipal civil service commissioners are not judicial, but are executive, ministerial, or administrative, and the court can neither conduct nor supervise examinations held by them.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 133.*]

3. MANDAMUS (§ 75*)—OFFICIAL ACTS OF CIVIL SERVICE COMMISSIONERS—JUDICIAL REVIEW.
   The acts of municipal civil service commissioners can only be questioned in a mandamus proceeding; and such remedy exists only where some constitutional or statutory provision, vesting no discretion in the commissioners, has been violated.
   [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 75.*]

4. MANDAMUS (§ 162*)—PROCEEDINGS AND RELIEF—PLEADING—ALTERNATIVE WRIT.
   In mandamus against municipal civil service commissioners, it was alleged that they employed experts from a municipal department as special examiners in an examination held for the position of court interpreter; that the examination was not a fair, open, and competitive one; that it was conducted contrary to the rules of the municipal civil service commission, which were not pleaded; and that some of the applicants were informed in advance by some of the candidates who had been examined as to the subject-matter and questions asked at the examination. *Held*, that on the facts pleaded, as distinguished from conclusions of law, defendants

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

were entitled to judgment on the pleadings quashing an alternative writ of mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 338–340; Dec. Dig. § 162.*]

Appeal from Special Term, New York County.

Mandamus by the People of the State of New York, on the relation of Antonio M. Caridi, against James Creelman and others, constituting the Municipal Civil Service Commission of the City of New York. From an order of the Special Term denying their motion for judgment on the pleadings, defendants appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Elliot S. Benedict, Asst. Corp. Counsel, of New York City (Terence Farley, of New York City, on the brief), for appellants.

Alfred J. Talley, of New York City (Denis R. O'Brien, of New York City, on the brief), for respondent.

LAUGHLIN, J. The respondents in this proceeding demurred to the alternative writ of mandamus issued herein, upon the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action, and thereupon moved on the pleadings for judgment dismissing and quashing the writ.

The material allegations of the alternative writ, with respect to the point presented for decision, are: That the respondents, who constitute the Municipal Civil Service Commission of the City of New York, duly invited applications to enter an examination for the position of Italian interpreter, with a knowledge of the Sicilian, Calabrian, and Neapolitan dialects. That the relator duly filed an application therefor and was duly notified to appear for examination on the 10th day of August, 1911. That he successfully passed the examination, his percentage being 75.40, the minimum required being 70, and his name was thereupon placed thirty-sixth on the eligible list. That the respondents employed three experts as special examiners, two of whom were in the employ of the board of education at the college of the city of New York. That no rating *for experience* was given on the examination, although the applicants were required to set forth their experience in their applications. That the examination consisted of an oral examination, for which 40 per cent. was allowed, translation of English into Italian, Italian into English, and English composition, for each of which 20 per cent. was allowed. That the special examiners prepared the paper for translation of Italian into English, but did not make the rating therefor, and that the rating therefor was made by others not familiar with the Italian language, or competent to examine and mark the papers. That many persons who competed on the examination were born in sections of Italy where said dialects were spoken and were familiar therewith, and had had "long and varied" experience as interpreters in the courts of New York; but their names were

not placed on the eligible list, or they were rated so low that their names appeared very low on it. That "after certain of the candidates had completed their oral examination, they informed other candidates who were called later in said examination of the matter upon which they were examined, and that said candidates, coming later as aforesaid, were asked the same questions as those who had preceded them, and were given the same subject-matter to translate which they had been informed in advance was being asked by the said examiners, so that certain persons in said examination had the advantage of knowing the questions which were asked before they entered said examination, and were thereby given an undue advantage over those who participated in said examination and who had not such previous knowledge." That the examination was not a fair, open, and competitive examination, and "that it was conducted contrary to law and contrary to the rules of the Municipal Civil Service Commission." That the action of the respondents in establishing said list, unless annulled and set aside by the court, will impair, impede, and injure the rights of the relator, and that he has suffered and will suffer pecuniary loss and injury in consequence thereof. And that the relator has demanded that the respondents cancel and set aside said examination, and they have refused to do so. By the alternative writ, the respondents were commanded to annul the examination and the eligible list prepared therefrom, or show cause why they should not do so.

It thus appears that this is a proceeding to annul an examination held by the Municipal Civil Service Commission upon the ground of irregularity in the manner in which they conducted the examination. It was manifestly proper for the commissioners to employ experts to conduct this technical examination, and it does not appear that they were guilty of any misconduct in selecting the special examiners, or even that the special examiners were not entirely competent, and in fact the most competent that could have been obtained.

[1] The objection in this regard appears to be that such examiners were employés of a department of the city government and that their selection was prohibited by a civil service rule. The court, however, cannot take judicial notice of such rule, and it is not pleaded. People ex rel. Langdon v. Dalton, 46 App. Div. 264, 61 N. Y. Supp. 263. It is not shown that the papers that were not marked by the special examiners were improperly marked by others. Most of the allegations are in the nature of conclusions of law rather than statements of facts. The real ground of complaint evidently is that some of the applicants obtained information in advance of their examination from some of the candidates who had been examined. It does not appear that the Municipal Civil Service Commissioners were aware of this; nor does it clearly appear that the relator was prejudiced thereby, for it is not shown but that he was one of those to whom the information was communicated.

[2] The court can neither conduct nor supervise civil service examinations. It has been held that the action of civil service commissioners in making classifications, and making and amending rules,

is neither reviewable by certiorari nor in a taxpayer's action, and that the official acts of the commissioners are not judicial, in the technical sense, but are executive, ministerial, or administrative. Peo. ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785; Slavin v. McGuire (Court of Appeals) 98 N. E. 405; Matter of Simons v. McGuire, 204 N. Y. 253, 97 N. E. 526. See, also, Peo. ex rel. R. & J. Co. v. Wiggins, 199 N. Y. 382, 92 N. E. 789.

[3] The effect of the adjudications appears to be that the acts of such commissioners may only be questioned in the court in a mandamus proceeding, and that the remedy afforded by mandamus in such cases is very limited, and exists only where some provisions of the Constitution or of a statute which vests no discretion in the commissioners have been violated.

[4] It is perfectly plain that the *facts* alleged in the alternative writ afford no basis for annulling the examination and the eligible list based thereon. If the examination was not conducted in accordance with rules binding on the commissioners, the rules should have been pleaded. The mere allegation that it was not so conducted is insufficient. Relief might have been afforded by the commissioners on the facts alleged in the alternative writ; but the court cannot say as matter of law that their action in holding the examination and in preparing an eligible list therefrom is a nullity, and therefore the alternative writ fails to state facts sufficient to warrant the relief for which the relator prays.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.