agreement was not entitled to an execution to enforce this judgment until after the death of these parties. Section 376 of the Code of Civil Procedure, which fixes the limitation upon judgments, provides in part:

"A final judgment * * * is presumed to be paid and satisfied, after the expiration of twenty years from the time, when the party recovering it was first entitled to a mandate to enforce it."

The claimant never had a right to a mandate until the death of these parties.

[2] The attorney for the executor raises the question that, even if the face of the judgment is allowed against this estate, in no event should interest be allowed. Section 1211 of the Code provides:

"A judgment for a sum of money, rendered in a court of record, or not of record, or a judgment rendered in a court of record, directing the payment of money, bears interest from the time when it is entered."

This judgment is the usual and ordinary judgment, and subject to all the laws of the date thereof except so far as same are modified by the agreement. I find no provision in that agreement limiting the accruing of interest.

I hold and decide that the claim, with interest thereon from the date of the entry of the judgment, should be allowed.

Decreed accordingly.

———————

(96 Misc. Rep. 118)

In re KLEIN'S ESTATE.

(Surrogate's Court, New York County. June 23, 1916.)

GUARDIAN AND WARD ☞15—BOND—NECESSITY.

In an accounting proceeding under the new Surrogates' Law, the testamentary guardian, though appointed prior to its enactment and without bond, should be compelled to give security before receiving the ward's property, as required by Code Civ. Proc. § 2739, in cases where a legacy or distributive share is payable to an infant.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 56–64; Dec. Dig. ☞15.]

Accounting proceeding in the estate of Richard Klein, in which the special guardian asked payment to the testamentary guardian after security filed. Decree as prayed.

Gilbert & Wessel, of New York City (Harry N. Wessel, of New York City, of counsel), for petitioners.

Francis R. Foraker, of New York City, special guardian.

FOWLER, S. This is an accounting proceeding which was instituted on April 25, 1916. Upon the settlement of the decree, the special guardian asks that the decree direct the shares of the infants herein be paid over to the testamentary guardian upon filing her bond with sufficient security in conformity with section 2739, C. C. P. It appears that the testamentary guardian was appointed without bond, April 21, 1914, before the new Surrogates' Act went into effect. Under the

old practice the testamentary guardian would be entitled to receive the property of the infants under an accounting decree without filing security. Matter of Klingenstein, 156 App. Div. 749, 141 N. Y. Supp. 742. This accounting proceeding was instituted under the new Surrogates' Law and in my opinion the distribution of the funds of the estate ought to be governed as provided under the new law regulating accountings. Section 2739 requires the filing of security by a guardian where a legacy or distributive share is payable to an infant, and the decree in this instance should so provide. If there is any doubt on the law, I prefer to exact security and I think there is doubt.

Before the provisions of the proposed decree directing assignments and payments in kind can be accepted, an appraisal must be had, pursuant to section 2736, C. C. P. Submit order oppointing appraisers. Costs taxed and compensation of special guardian fixed.