THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES S. FOWLER and ELMER G. STORY, Respondents, *v.* HENRY MOSKOWITZ and Others, Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

Second Department, December 22, 1916.

Civil service — municipal civil service, city of New York — promotion examination for "chief examiner" — eligibility of examiners employed by the day — rules of municipal civil service commission construed.

The civil service classification of the city of New York included a "chief examiner, civil service commission," and twenty-nine persons respectively classified as "civil service examiner," but did not distinguish between three persons having titles of "assistant chief examiner," ten examiners paid by yearly salary, and sixteen employed by the day. The office of chief examiner became vacant in January, 1916, and the commission voted, under section 16 of the Civil Service Law, to hold an examination for promotion "open to all assistant chief examiners and all examiners eligible." The commission has a rule that whenever a vacancy exists which can be filled by promotion, the commission may order a competitive examination "open to all persons" who shall have served not less than one year. There is also a rule for markings based on the transcript of the applicant's efficiency record. Upon three of the civil service examiners employed by the day asserting their eligibility to take the promotion examination, the commission revoked its prior order and declared the examination open only to assistant chief examiners of at least one year's service.

*Held,* that the commission had no authority under its rules to make such an order, and that a peremptory writ of mandamus directing the commission to admit the examiners employed by the day "and all persons similarly situated," should be affirmed after being modified so as to read "and admit all other persons having had for one year the grade of

' civil service examiner ' " as contained in the classification of the commission.

The objection that the commission has not " efficiency records " for the examiners employed by the day is no defense, as the work of such examiners stands *in extenso* on the files of the commission.

APPEAL by the defendants, Henry Moskowitz and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 19th day of April, 1916, granting the relators' motion for a peremptory writ of mandamus directing the municipal civil service commission to admit the relators and others similarly situated to a competitive examination for the position of chief examiner, civil service commission.

*William E. C. Mayer* [*Lamar Hardy, Corporation Counsel, Terence Farley* and *Elliot S. Benedict* with him on the brief], for the appellants.

*Frank Gallagher* [*Elmer G. Story* and *Howard A. Sperry* with him on the brief], for the respondents.

PER CURIAM:

In January, 1916, the civil service classification of the city of New York included a "chief examiner, civil service commission," and twenty-nine persons respectively classified by the commission as "civil service examiner." This official classification did not distinguish between three persons having office titles of "assistant chief examiner," ten examiners paid by yearly salary, and sixteen examiners employed by the day, who assist when the work is too great for the salaried force, being also called on to act as to examinations involving technical knowledge and special skill. Some of these *per diem* examiners have been in the municipal civil service for periods of seventeen and twenty years.

The office of chief examiner became vacant in January, 1916. The commission then voted to hold an examination for promotion, "open to all assistant chief examiners and all examiners eligible." This followed the statutory provision, "Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution

Second Department, December, 1916.        [Vol. 175.

in which the vacancy exists." (Civ. Serv. Law [Consol. Laws, chap. 7; Laws of 1909, chap. 15], § 16.)

For the carrying out of this requirement, the commission has a rule, which has the force of law:

"7. Part 1.— Ungraded positions.— Whenever a vacancy exists or is anticipated in a position in Part 1, which, in the opinion of the appointing officer or of the Commission, can be filled satisfactorily by promotion from among persons holding positions of lower but corresponding character in the same Part, the Commission may order a competitive examination for such promotion, open to all persons who shall have served with fidelity for not less than one year in such lower position." (Rule XV, ¶ 7, part 1.)

In determining the weight to be ascribed to different qualifications of applicants for promotion the statute requires seniority to be considered. (Ibid. § 16.) The commission have a rule (No. 20) for markings based on the transcript of the applicant's "efficiency record" between the date of original appointment and the final date for receiving applications for any stated examination, for which a rating of fifty may be given. Efficiency records are to be made and kept under the following rule:

"To provide a basis of rating for previous service, there shall be kept in each department or office continuous and permanent records of the efficiency, character and conduct of all persons employed in ' positions in the competitive class.' Such records shall be known as 'efficiency records,' and the entries made therein shall have reference to (a) quality of work performed by each officer or employee; (b) the quantity of work performed by him; (c) his general conduct; (d) his punctuality and attendance; (e) his executive ability and capacity for initiative where his work is of a character that will permit definite estimation." (Rule 21.)

On January twenty-fourth the relators, being two of the civil service examiners who had been paid on a *per diem* basis, wrote to the commission asserting that they were eligible, and asked for the proper application blanks. Thereafter the municipal civil service commission revoked its prior order of January seventeenth, and declared the examination open only to assistant chief examiners of at least one year's service.

In the rule cited "positions" means, and can only mean, places in the classified service, and not office titles not found in such classification. Clearly the commission must be bound by its official classification. Indeed, by the Civil Service Law, section 11, "the classification of the offices, places and employments," in the classified city service is the great purpose of a city civil service commission. A so-called competitive examination, limited to but three, out of all who are classified as civil service examiners, is not, in reality, competitive, since the commission, like any other appointing power, is free to select any one of the three, regardless of his relative ranking (Rule XI, ¶ 1), and thereby exclude those in the next lower grade from promotion — that healthful incentive to official fidelity and efficiency.

The discretionary powers of the municipal civil service commission cannot be carried so far. This would defeat the statute and pick out for competition but a fraction of the number of those eligible to take such competitive examination. The statement that the commission has not "efficiency records" for the *per diem* examiners is no answer. Its later order of revocation excludes also the ten salaried examiners who have full efficiency records. The work of the *per diem* examiners stands *in extenso* on the commission files, and it is for defendants to see to it that such records, showing comparative conduct, seniority and efficiency in previous service, shall receive due rating.

The form of the order is, however, open to question, since it commands defendants to admit relators "and all persons similarly situated." Instead of these terms, which are not appropriate to this remedy by mandamus, the order should preferably read "and admit all other persons having had for one year the grade of 'civil service examiner,'" as contained in the classification by the municipal civil service commission of the city of New York.

As thus modified the order is affirmed, without costs.

JENKS, P. J., THOMAS CARR, STAPLETON and PUTNAM, JJ., concurred.

Order modified in accordance with opinion and as so modified affirmed, without costs.