PEOPLE ex rel. MARY A. FINNEGAN, Relator, *v.* JAMES E. MCBRIDE et al., Civil Service Commissioners, Respondents.

(Supreme Court, Bronx Special Term, July, 1918.)

Mandamus — when writ of, granted — municipal civil service commission.

Where a municipal civil service commission has promulgated a list of eligibles for promotion it has no power to annul such action.

That upon an examination held under the direction of a municipal civil service commission, for promotion from the position of nurse to that of supervising nurse, acting supervising nurses were permitted to rate themselves and other nurses as to previous experience, did not justify a revocation of the list of eligibles promulgated after said examination, where the commission before promulgating the list refused to cancel the examination on such ground, it appearing that said ratings, which were merely tentative, were subsequently reviewed by three separate bodies.

The fact that several nurses at the top of the list voluntarily waived their precedence in favor of an acting supervising nurse so that she might retain her position could not have the effect of annulling the list previously established.

A division of the list into two classes, one relating to child hygiene, the other to preventable diseases, with the result that a nurse far down the general list might nevertheless have a higher rating in one division and thus receive an appointment in advance of a nurse outranking her on the general list, finds neither warrant in any statute nor in the commission's own regulations.

It being clear that relief could not be afforded to relator, a trained nurse in the child hygiene division in the department of health, and that confusion would result if the cancellation were revoked as to her only and permitted to stand as to the eligibles, the writ will be granted in behalf of relator and all others similarly situated.

APPLICATION for a peremptory writ of mandamus.

John W. Collopy, Jr., for relator.

William P. Burr, Corporation Counsel, Edward S. Malone, Assistant Corporation Counsel, for respondents.

OTTINGER, J.   Relator is a trained nurse in the department of health, child hygiene division. She seeks a peremptory writ of mandamus against the municipal civil service commission in order to nullify their cancellation of a list of eligibles for promotion promulgated by them.   In November, 1917, an examination was held, under direction of the then commission, for promotion from the position of nurse to that of supervising nurse.   The respondents themselves on March 4, 1918, made up and promulgated an eligible list from the successful candidates (of whom the relator was one) and duly certified such list to the department of health.   On April sixth they canceled such list and ordered a new examination, which has not yet been held.   At the outset the question is whether the commission has power to revoke a list which it has once promulgated, for if it has it is obvious that the courts, except in cases of abuse of such power, should refrain from interference.   But when the commission has acted, after deliberation, there is no power to annul such action.   Certainly no such authority is found, either expressly or by implication, in the statute under

which the commission is appointed. The cases hold
that a body of limited jurisdiction may not act in
review of or annul its own action. In *People ex
rel. Chase* v. *Wemple,* 144 N. Y. 478, 482, it was
said: " It is the general rule that officers of special
and limited jurisdiction cannot sit in review of their
own orders or vacate or annul them." This prin-
ciple has been frequently reiterated. And the respond-
ents do not call attention to any decision authorizing
the vacation of their own previous determination.
Moreover, the respondents seek to justify their action
upon two grounds neither of which seems adequate:
*First.* That acting supervising nurses were permitted
to rate themselves and other nurses as to previous
experience in the very examination in which they
themselves were to compete. However questionable
this practice may seem, it is rendered immaterial
in this instance by the fact that the respondents,
after their attention had been called to this con-
dition, and before promulgating the list, deliberately
refused to cancel the examination on that ground.
Moreover, the aforesaid ratings were merely tentative,
and were thereafter reviewed by no less than three
separate bodies. The fact that candidates other than
these acting supervising nurses outranked them in the
eligible list is in itself cogent evidence that in this
examination no untoward result followed the practice
referred to. *Second.* It appeared that after the
list was promulgated several nurses at the top
of the list voluntarily waived their precedence
in favor of an acting supervising nurse, so that
she might retain her position. While this prac-
tice, whether it be called a conspiracy or otherwise,
deserves severe condemnation, nevertheless it can-
not affect the list previously established. It might
result, at most, in making the waivers ineffectual;

Supreme Court, July, 1918.          [Vol. 104.

but the list from which the waivers were made cannot be annulled by reason of acts subsequently occurring. Relator also complains that although all candidates took the same examination the list was divided into two classes, one relating to child hygiene, the other to preventable diseases, with the result that a nurse far down upon the general list might nevertheless have a higher rating in one division and thus receive an appointment in advance of a nurse outranking her on the general list. There appears to be no warrant for such procedure in any statute or even in respondents' own regulations. In conclusion, it should be observed that while in some instances it may be a matter for regret that the commission has no power to annul its previous deliberate action, yet it must not be forgotten that if lists may be promulgated only to be annulled at the pleasure of the commission it will prove increasingly difficult to secure a desirable class of public servants. Candidates will hesitate to prepare for and submit to examination if, after being declared eligible, they are to be subjected to the caprice, however well intentioned, of the commission or its successors. While it is true, in general, that relief will be awarded to none but the relator in mandamus proceedings, and that the writ herein is prayed for in behalf of relator and others similarly situated, it is clear that proper relief could not be afforded to relator, and confusion would result if the cancellation were revoked as to her only and permitted to stand as to the other eligibles. The writ will therefore issue as prayed for. This course seems to be supported by *People ex rel. Fowler* v. *Moskowitz,* 175 App. Div. 710.

Ordered accordingly.