THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY A. FINNEGAN, Respondent, *v.* JAMES E. MCBRIDE and Others, Composing the Civil Service Commission of the City of New York, Appellants.

First Department, December 6, 1918.

Civil service — power of civil service commission of city of New York to cancel eligible list — mandamus — separate proceedings not required where number of persons are similarly situated.

The civil service commission of the city of New York has no power, either under the Civil Service Law or the Greater New York charter, to cancel or rescind an existing eligible list of candidates.

Where a number of persons are similarly situated the court will not require separate mandamus proceedings to be instituted. So held, where the relief asked by the relator was that an eligible civil service list containing her name be in effect re-established by the vacation of an order revoking the same.

CLARKE, P. J., and LAUGHLIN, J., dissented, with opinion.

APPEAL by the defendants, James E. McBride and others, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 22d day of July, 1918, granting relator's motion for a peremptory writ of mandamus.

*William E. C. Mayer* of counsel [*Terence Farley* and *Edward S. Malone* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellants.

*John W. Collopy, Jr.,* for the respondent.

PAGE, J.:

In the month of August, 1917, the municipal civil service commission called for an examination open to all nurses in the health department who had served for a period of one year or more, for promotion to the position of supervising nurse. The examination was held on November 27, 1917. The commission on March 4, 1918, made up and promulgated an eligible list from the successful candidates of whom the relator was one and duly certified such list to the department of health. On April sixth they canceled such list and ordered a new examination which has not yet been held. There is no power in the commission to revoke a list which it has once promulgated. In fact the Civil Service Law prohibits the making of a new eligible list so long as there are sufficient candidates upon any eligible list appropriate to the position therein specified. (See Consol. Laws, chap. 7 [Laws of 1909, chap. 15], § 14, as amd. by Laws of 1911, chap. 547.) The civil service commission is a body of limited jurisdiction. " It is the general rule that officers of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them." (*People ex rel. Chase* v. *Wemple,* 144 N. Y. 478, 482.)

There is no power given by either the Civil Service Law or the Greater New York charter to the municipal civil service commission to take such action, and hence the action of the board in rescinding the existing list was unlawful.

It is not necessary for us to consider the reasons alleged by the commissioners or the excuses offered in the affidavit presented on this motion for such action. Whatever may have been their reasons or motives they lacked the power to act. The application of the relator was made on behalf of herself and all the other nurses upon the list. The appellants claim that by writ of mandamus only the rights of the particular relator can be considered, but it has been held that where a number of persons are similarly situated, the court will not require separate mandamus proceedings to be instituted when, as in the case at bar, the relief that is asked by the relator is that the list containing her name be in effect re-established by the vacation of the order revoking the same. The list could not be very well re-established having only the

relator's name upon it. Such an order as the one in this case was approved in *People ex rel. Fowler* v. *Moskowitz* (175 App. Div. 710, 713; affd., 220 N. Y. 669).

The order should be affirmed, with ten dollars costs and disbursements.

DOWLING and MERRELL, JJ., concurred; CLARKE, P. J., and LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

It appears that the nurses in the department of health by custom had been divided between the bureau of child hygiene and the bureau of preventable diseases and all such positions had been filled by graduate experienced nurses duly licensed by the State Board of Regents and that their work had been directed and supervised principally by nurses detailed for that purpose and known, although not officially designated, as supervising nurses.

The municipal civil service commission, following the mandate of the Legislature (Civil Service Law [Consol. Laws, chap. 7; Laws of 1909, chap. 15], § 14, as amd. by Laws of 1911, chap. 547) to "include all positions for which it is practicable to determine the merit and fitness of applicants by competitive examination" in a competitive class, included the position of supervising nurse in the competitive class in its classification of civil service positions. Section 16 of the Civil Service Law provides, among other things, that "promotions shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority." Subdivision 20 of rule 15 of the Municipal Civil Service Rules prescribes the manner in which "merit and competition" are to be determined on any competitive promotion examination as follows: "The subjects of rating and the relative weights thereof in any competitive promotion examination shall be as follows: For comparative conduct, seniority and efficiency in previous service, as may be determined from the transcript of the efficiency or service record (or as may be otherwise determined under paragraph 21 of this rule), between the date of the original appointment of the candidate and the final date for the receiving of applications for any stated

examination, 50; and for mental examination on pertinent subjects, 50."

Section 6 of the Civil Service Law provides that rules prescribed by the State and municipal civil service commissions pursuant thereto shall have the force and effect of law, and section 11 of the law (as amd. by Laws of 1916, chap. 357) provides that any subsequent modification of the rules, " whether prescribed under the authority of a general law or of any special or local law, shall be valid and take or continue in effect only upon the approval of the mayor of the city and of the State Civil Service Commission."

The municipal civil service commission in the month of August, 1917, called for a competitive examination open to all nurses in the city health department who had served for a period of one year or more for promotion to the position of supervising nurse. The examination was held on the twenty-seventh of November thereafter; but in violation of the rule which required a rating of fifty per cent for the mental examination on pertinent subjects, for the first time in the history of the proceedings of the commission, it announced two days before the examination that in the rating thereon a written test would count for only thirty per cent, experience twenty per cent, efficiency record thirty-five per cent and seniority fifteen per cent. The applicants who took the examination were rated and the eligible list was prepared on the basis of this special ruling, which was not approved by the mayor or the State Civil Service Commission. The commission in office when the examination was held did not prepare an eligible list therefrom and it does not appear whether the examination of the papers had been completed and the ratings made before the appellants, who were appointed January 1, 1918, took office. There was evidently dissatisfaction with the examination and eligible list which resulted therefrom, owing, among other things, to the fact that seventeen nurses who had previously been detailed to act as supervising nurses and who were competitors in the examination, made the tentative ratings for efficiency for their competitors and to the fact that the rating for the written examination was limited to thirty per cent instead of fifty per cent, and the further fact that a list for each of said

First Department, December, 1918.          [Vol. 185.

bureaus had been prepared, and on the 16th of January, 1918, on the complaint of the editor of the *Civil Service Chronicle,* the commission held a hearing with a view to determine whether or not the eligible list which evidently had then been prepared was valid. Thereafter and on the thirtieth of the same month the commission decided to promulgate the list and did so on the 4th of March, 1918. On the sixth of April another investigation was instituted before the commission with respect to an alleged illegal conspiracy by which certain nurses at the top of the list had been induced to waive their positions at the top so that another, who was rated fifth and below them, might receive an appointment as assistant superintendent of nurses, and as a result of that investigation the commission found that there were gross irregularities in the examination which defeated the object thereof, and in consequence of which the results of the examination did not meet the requirements of the Constitution, statutes or rules governing it, and accordingly on the 6th of April, 1918, adopted a resolution canceling the eligible list. On the fifteenth of May the commission decided to hold another examination and gave notice to those who participated in the former examination that applications to enter the new examination should be filed by June first. The relator after receiving such notice, and on May thirty-first, instituted this proceeding.

The learned counsel for the respondent contends that the commission having prepared and promulgated the eligible list was without power to annul it and is legally obligated to certify names for appointment therefrom. If that were her only claim, and she be right, she might stand on her rights and compel the certification of her name for appointment when there shall be a vacancy to appointment to which she would be entitled (See *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92); but she further insists that but a single list shall be promulgated and that it shall contain the names of all eligibles. It appears, however, that from the manner in which the ratings were made the competitors would not occupy the same positions on one list as on the other; but it is not clear whether compliance with the writ will require a rerating or only a consolidation of the names on the two lists

according to the ratings already made. The only judicial review of the action of the civil service commission in holding examinations and preparing eligible lists is that afforded by mandamus. (*People ex rel. ·Schau* v. *McWilliams, supra; Slavin* v. *McGuire,* 205 N. Y. 84; *People ex rel. Crowell* v. *Connolly,* 161 App. Div. 745, 751; affd.; 212 N. Y. 599; *People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746, 748.) Mandamus, however, affords a remedy for the annulment of an illegal examination either with respect to those admitted thereto or excluded therefrom and an illegal classification and an illegal eligible list. (*Matter of Peters* v. *Adam,* 56 Misc. Rep. 29; affd., on opinion of WOODWARD, J., *sub nom. People ex rel. Peters* v. *Adam,* 122 App. Div. 898; affd., 190 N. Y. 567; *People ex rel. Schau* v. *McWilliams, supra; Matter of Dill,* 185 N. Y. 106; *People ex rel. Caridi* v. *Creelman, supra; Matter of Simons* v. *McGuire,* 204 N. Y. 253; *People ex rel. O'Hara* v. *Neville,* 58 Misc. Rep. 279; *People ex rel. Fowler* v. *Moskowitz,* 175 App. Div. 710; affd., 220 N. Y. 669; *People ex rel. Drake* v. *Knauber,* 163 id. 23. See, also, *People ex rel. Moriarty* v. *Creelman,* 152 App. Div. 147; revd., on another ground, 206 N. Y. 570.) The commission having adopted and followed an illegal rule for conducting the examination and rating the candidates, the eligible list prepared therefrom was null and void, and it was the duty of the commission to proceed *de novo* and hold another examination, as was contemplated by its action in annulling the illegal eligible list preliminary thereto. Plainly this duty could be enforced by mandamus by any interested party and a: like duty was enforced by Mr. Justice MILLS, at Special Term, in *People ex rel. O'Hara* v. *Neville (supra).* The relator is not entitled to have the action of the commission in thus annulling the eligible list annulled and to have the eligible list reinstated unless the examination was held and the eligible list was prepared in accordance with the law governing the action of the commission. It is not material and can affect no legal right of the relator whether the commission was authorized to take formal action annulling the eligible list provided the examination was illegally conducted and the eligible list, therefore, became illegal, for if so, it was the duty of the commission to proceed in disregard thereof and to hold another

examination and prepare a proper eligible list therefrom. If under the examination the applicants were illegally rated, as I think they were, the relator is not in any manner prejudiced by the formal action of the commission annulling the eligible list and is not entitled to the relief which she seeks, which would ultimately result in her being certified for appointment. But I am of opinion that the commission, on discovering that the examination was conducted illegally or with gross irregularity which defeated the purposes of the law, was authorized to take formal action annulling the eligible list in order that its records might show the occasion and necessity for holding another examination. In *Matter of Weeks* v. *Kraft* (147 App. Div. 403; appeal dismissed, 205 N. Y. 585), the Appellate Division in the majority opinion in denying a right of mandamus to annul an alleged illegal resolution with respect to a classification, adopted by the commission and pending approval by the Governor, evidently meeting a similar argument with respect to the power of the commission to reconsider the formal action of the commission, said: " To deny to the Civil Service Commission the power to change its rules and classifications after they have been once made, as is sought to be done in this case, after the lapse of a few months has convinced the Commission that its action in 1909 was wrong, and that the classification for the many years prior thereto is correct, would be to deny to a body of State officials the right to correct an error that had crept into their proceedings when fuller information and a more careful consideration had, convinced them that such action was not for the best interest of the service." This court also, in *People ex rel. Caridi* v. *Creelman* (*supra*) clearly intimated that not only might the examination, if conducted in violation of a binding rule, be annulled by mandamus, but that the commission itself might annul the examination for irregularity defeating the purpose for which the examination was held. When such an examination has been legally held and lawfully conducted, of course, those passing it successfully obtain tentative rights which may not be annulled at the mere pleasure of the commission or arbitrarily. (*People ex rel. Van Petten* v. *Cobb*, 13 App. Div. 56; *People ex rel. Walter* v. *Woods*, 168 id. 3.) It may be that the commission could

reserve control over the eligible list by a rule adopted as is provided in the rules of some of the commissions. No rule, however, relating to the subject was proved; but the acts of the commission are in their nature executive or legislative (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Simons* v. *McGuire*, 204 id. 253); and in this respect are analogous to those of boards of supervisors, whose powers, it has been held, are *continuing* and authorize the reconsideration of action for mistake or error before it becomes final. (*People ex rel. Hotchkiss* v. *Supervisors*, 65 N. Y. 222; *Matter of Weeks*, 97 App. Div. 131; 106 id. 45; *Osterhoudt* v. *Rigney*, 98 N. Y. 222, 234; *Wadsworth* v. *Board of Supervisors*, 217 id. 484, 490; *People ex rel. Francis* v. *Cahill*, 5 App. Div. 570; affd., 158 N. Y. 708; *People ex rel. Lawrence* v. *Supervisors*, 48 App. Div. 428; *Webb* v. *Bell*, 22 id. 314; affd., 162 N. Y. 641.) Certain powers to strike *names* from the eligible lists are expressly conferred on the State and municipal civil service commissions. (Civil Service Law, § 14.) The commission is *functus officio* with respect to *an examination and names* on an eligible list after the appointments have been made therefrom (*People ex rel. Mullen* v. *Sheffield*, 24 App. Div. 214; *Matter of Lazenby* v. *Municipal Civil Service Comm.*, 116 id. 135; affd., *sub nom. People ex rel. Lazenby* v. *Homer*, 188 N. Y. 588), nor can the appointing power review its action (*Burke* v. *Holtzmann*, 110 App. Div. 564; 117 id. 292; affd., 196 N. Y. 576), but its duties continue until it has made such certification and until that time I think it possesses implied authority and the duty devolves upon it to take such steps as may be necessary to comply with the requirements of the law to the end that the purpose and object of the civil service constitutional and statutory provisions shall not be thwarted. It may be that a name may not be stricken from the list without notice and an opportunity for a hearing (See *People ex rel. Van Petten* v. *Cobb, supra*), but I am not expressing an opinion with respect to *procedure* in cases involving fraud or irregularity concerning a particular applicant or applicants. If the authority here exercised be not vested in the commission then no adequate remedy is provided with respect to examinations illegally or so irregularly conducted as to

defeat the purpose thereof, which is an argument in favor of implying authority (See *People ex rel. Hotchkiss* v. *Supervisors,* 65 N. Y. 226), for even to the extent that a remedy is afforded by mandamus, those taking part in the examination ordinarily would not know how the examination was conducted or ratings were made. It must be presumed that the action of the commission was taken in good faith, and if within its authority it should not be disturbed. (*McCabe* v. *City of New York,* 213 N. Y. 468; *Kittinger* v. *Buffalo Traction Co.,* 160 id. 377; *Matter of City of New York (Ely Ave.),* 217 id. 45; *Matter of Public Service Comm.,* Id. 61, 69.) In the circumstances I think no vested right of the relator has been invaded. (See *People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570.) The new examination is open to her. It has not been shown and is not contended that the records of the former examination are such that the commission can revise the ratings in accordance with the law applicable thereto and prepare therefrom a proper eligible list without another examination. The sole contention of the relator is that the examination and ratings were lawfully made and that the commission is *functus officio* with respect thereto. If the action of the commission could be annulled by the court, it seems to me quite clear on principle that the commission itself not only has the same power but should exercise it without awaiting action by the court, and this I understand to be the practice of the civil service commissions. The relator had no vested right resulting from the examination unless the same was conducted and the eligible list was prepared according to law, and that she does not show.

I am, therefore, of opinion that the order should be reversed, with ten dollars costs and disbursements, and the proceeding dismissed, with ten dollars costs.

Clarke, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.