In the Matter of ALFRED GRUNER et al., Respondents, and GEORGE BLUMENTHAL, Intervener, Petitioner-Respondent, against JOSEPH A. MCNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, December 20, 1948.

*Frank H. Crabtree* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for appellants.

*George Blumenthal,* intervener-petitioner-respondent, attorney for petitioners-respondents.

*Paul Windels* of counsel (*David B. Tolins* with him on the brief) filed a brief *amicus curiæ* for Veterans' Organization of the Police Department in support of appellants' position.

*Per Curiam.* This proceeding relates to the same civil service examination for police sergeant which was previously reviewed in *Matter of Blumenthal* v. *Morton* (273 App. Div. 497, aff'd. 298 N. Y. 563).

The final order required the Civil Service Commission to select a single best answer to such questions as it deemed capable of such an answer.

Question No. 60, which was retained by the commission, reads as follows:

" 60. Shortly after a robbery a patrolman stopped an automobile in which were four men and a driver. Underneath the rear seat he found a loaded revolver. One of the occupants had a license to carry such a weapon. Without further evidence, it would be proper to book on a charge of illegal possession of a dangerous weapon.

" (A) all the occupants of the automobile
" (B) all the occupants except the driver
" (C) all except the licensee
" (D) none of the occupants of the automobile."

Previously the commission had said that (A) and (D) were both right. After the decision in the *Blumenthal* case (*supra*) the commission decided on (D) as the single best answer.

The applicable statute is section 1898-a of the Penal Law, entitled " Weapons in automobiles; presumption of possession." It states that the presence in an automobile, other than a public omnibus, of a pistol, shall be presumptive evidence of its illegal possession by all of the persons found in such automobile at the time the pistol is found there. However, this section further provides in part that " Where one of the persons found in such automobile possesses with him a valid license to have and carry concealed the pistol or revolver so found, and he is not there under duress, said presumption of unlawful possession shall not attach to the other persons found in the automobile."

In the present article 78 proceeding, Special Term has ordered that answer (A) be substituted for answer (D) on the theory

that it does not appear from the question that the license covered this particular weapon, and that therefore all of the occupants of the automobile should be arrested. We think that there was a reasonable basis for the commission to decide upon answer (D), that none of the occupants should be arrested.

If there is a reasonable basis for the determination by the Municipal Civil Service Commission, it will not be disturbed (*People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746; *Matter of Immediato* v. *Kern,* 254 App. Div. 672, affd. 278 N. Y. 680). The commission cannot be held to have acted arbitrarily or capriciously in construing the question to require the applicant, on the facts therein stated, to conclude that a police officer would lack probable cause to believe that any of the occupants of the autobile was guilty of the crime defined by the said statute. The hypothetical state of facts which the question assumes, presupposes discovery by the policeman of a license belonging to one of the occupants of the car to carry the type of weapon which he found in the car. Although it is true that this would not exonerate any of the occupants unless the license related to that specific weapon, the question, in effect, poses the query whether the officer should decide to make an arrest or arrests without examining the license to discover whether its number corresponded to that on the revolver. If the occupants of the auto were behaving in a peaceable manner, it was not unreasonable to rule that he should examine the license and the pistol more carefully before making arrests.

The commission have considered that there would not have been probable cause for the officer to believe any of the occupants to be guilty without ascertaining this fact, and have determined that the use of the language in the question, '' without further evidence '', meant that the officer should not make an arrest without comparing the license number with that borne by the revolver. Further evidence which the commission ruled should be obtained by the officer before making an arrest, under these circumstances, meant evidence that the number on the license did *not* correspond with the revolver found in this car, viz., that the license, while covering a weapon of this type, did not sanction the carrying of this pistol.

The order appealed from should be reversed, with $20 costs and disbursements, and the determination of the Municipal Civil Service Commission reinstated selecting answer (D) as the correct answer to question No. 60.

Cohn, J. (dissenting). The Municipal Civil Service Commission appeals from an order of the Special Term granting an

application in a proceeding under article 78 of the Civil Practice Act. The order directed the commission: [1] to withdraw answer (D) as the best answer to question No. 60 in a promotion examination for the position of sergeant in the Police Department of the City of New York; [2] to substitute answer (A) in place of answer (D) and [3] to rerate the examination papers of all candidates accordingly. It also restrained the commission from publishing or promulgating the eligible list resulting from the examination pending compliance with its order.

On an appeal in a prior proceeding involving this promotion examination (*Matter of Blumenthal* v. *Morton*, 273 App. Div. 497, affd. 298 N. Y. 563), this court directed the commission to select a single best answer to certain specified multiple choice type questions given in the examination. One of the questions there involved was question No. 60. The present controversy arises from the proposed rating of the answers to that question. Question No. 60 reads as follows:

" 60. Shortly after a robbery a patrolman stopped an automobile in which were four men and the driver. Underneath the rear seat he found a loaded revolver. One of the occupants had a license to carry such a weapon. Without further evidence, it would be proper to book on a charge of illegal possession of a dangerous weapon

" (A) all the occupants of the automobile
" (B) all the occupants except the driver
" (C) all except the licensee
" (D) none of the occupants of the automobile."

The commission has selected (D) as the best answer to the question. Petitioners assert that (A) is the best answer. The Special Term sustained petitioners' contention and it is from that determination that this appeal is taken.

I am of the opinion that Special Term's decision was clearly correct. Though it is the law that a mere difference of opinion as to a proper answer in a civil service examination does not warrant judicial intervention as the courts cannot be called upon to conduct and to supervise civil service examinations (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746; *People ex rel. Braisted* v. *McCooey,* 100 App. Div. 240), if the action of the Municipal Civil Service Commission is illegal or arbitrary or unjustifiable, such conduct is subject to judicial review. Where, as here, a candidate is required to select the best of four answers and it is demonstrated that the answer chosen by the commission as the best

is wrong in fact and in law and that another answer is right, such determination by the commission obviously would be arbitrary and subject to correction by the courts. " The Civil Service Commission has broad discretionary powers, but it cannot act arbitrarily." (*People ex rel. Sweeney* v. *Rice,* 279 N. Y. 70, 73.) " An examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience." (*Matter of Fink* v. *Finegan,* 270 N. Y. 356, 362.)

The correct answer to the question involved here must be determined by a scrutiny of the pertinent provisions of the Penal Law. Section 1898-a provides as follows: " 1898-a. *Weapons in automobiles; presumption of possession.*

" The presence in an automobile, * * * of any of the following weapons, instruments or appliances, viz., a pistol, * * * shall be presumptive evidence of its illegal possession by all the persons found in such automobile at the time such weapon, instrument or appliance is found. Where one of the persons found in such automobile possesses with him a valid license to have and carry concealed the pistol or revolver so found, and he is not there under duress, said presumption of unlawful possession shall not attach to the other persons found in the automobile. * * * * "

The first sentence of this statute provides that presence in an automobile of a pistol " shall be presumptive evidence of its illegal possession by all the persons found in such automobile at the time such weapon * * * is found." Quite apart from the facts assumed in the question that the revolver found was loaded, was underneath the rear seat of the automobile and that the inspection had taken place shortly after a robbery, the statute has established a prima facie case of illegal possession against " all the persons found in such automobile ". Accordingly, under the first sentence of section 1898-a of the Penal Law, in the absence of further evidence, a patrolman would have a duty to book all the occupants on a charge of illegal possession of a dangerous weapon. Without further evidence, answer (A) is correct and of course the best answer, and answer (D) would be wrong.

Under the second sentence of the statute, to exculpate themselves, the occupants would be required to show that one of the persons found in the automobile " possesses with him a valid license to have and carry concealed *the* pistol or revolver so found " (italics mine). Unless all these elements are estab-

lished, the patrolman would still be under a duty to book all the occupants. There can be no assumption that the license possessed by one of the individuals permitted the carrying of the specific weapon found in the car, for the very question calls for the appropriate action to be employed " without further evidence ". The candidate would not be entitled to assume or read any fact into the question which is not specifically given.

To be valid in the city of New York, a license to carry a revolver must have been issued by the police commissioner and a license furnished by any other person would not be authentic unless a special permit giving it such validity is granted by said police commissioner (Penal Law, § 1897, subd. 9-a). Each revolver has a serial number indelibly stamped into the material. When a license is issued by the police commissioner to carry such a weapon, it is for that specific weapon. Upon the argument of this appeal it was not denied that in the city of New York a pistol license has written upon its face the type of revolver, its calibre and the serial number of the weapon. Concededly such license is only a permit for *the* weapon so described.

No one of the factors necessary to destroy the statutory presumption of illegal possession of a dangerous weapon is to be found in the question as presented at the examination. Consequently, in law the presumption still governs and in the circumstances set forth, it was the duty of the patrolman to book all the occupants of the automobile on a charge of illegal possession of a dangerous weapon. Answer (A) is the only correct answer and of course as a matter of law is the *best* answer.

The action of defendants with respect to question No. 60 has violated the requirements that appointments and promotions in civil service positions shall be made according to merit and fitness. (N. Y. Const., art. V, § 6; Civil Service Law, § 14.)

The proceeding in this case was brought in entire good faith, without unnecessary delay and vitally affects the interests of petitioners. It has been stated that there are thousands of applicants and that this ruling may make the difference between promotion and nonpromotion for some of petitioners. They have a genuine grievance and in my view they are entitled to the relief granted to them by the Special Term. Accordingly, I dissent and vote to affirm.

PECK, P. J., GLENNON, VAN VOORHIS and SHIENTAG, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm in opinion.

Order reversed, with $20 costs and disbursements to the appellants and the determination of the Municipal Civil Service Commission reinstated selecting answer (D) as the correct answer to question No. 60.