Joseph Fennelly, J.
This is an application under article 78 of the Civil Practice Act by petitioner to review the action of the board of trustees of the Fire Department Pension Fund and Life Insurance Fund, first in rejecting petitioner’s application for a widow’s pension and, second, in rejecting her claim to the proceeds of certain life insurance funds. Petitioner has also joined Anna E. Monteforte Imbrioscia upon the ground that the said respondent is an adverse claimant for the same pension and life insurance. Such respondent, by way of a “ cross petition,” has asserted a counterclaim in the proceeding to have her adverse claim determined.
The deceased, Joseph Imbrioscia, a former member of the New York City Fire Department, married the petitioner in New York City on September 7, 1902. Subsequently, and in 1915, he separated from petitioner and on January 6, 1920 retired from the fire department. On September 5, 1925 after a four months’ residence in Mexico, the deceased divorced the petitioner at the city of Progreso, State of Yucatan, Mexico. Thereafter he married the respondent Anna E. Monteforte Imbrioscia with whom he lived until his death on October 28, 1948. Prior thereto and on April 23, 1940 the deceased named his second wife, the respondent, as beneficiary of the proceeds of the life insurance fund provided by the New York City Fire Department.
Upon the basis of the Mexican decree, the board of trustees of the pension fund has determined that said petitioner has not established that she is the widow of the deceased so as to enable her to be considered as an applicant for the widow’s pension *329 provided in section B19-6.0 of the Administrative Code. That section reads: ‘‘ The board of trustees of the pension fund shall pay a pension out of such fund to the widow, child or children or dependent parent or parents of any deceased member of the uniformed force of such department, if the death of such member occur during his service in such uniformed force, or after lie was retired from service in such uniformed force. The amount of any such pension to be paid by the board of trustees to each of the several representatives of such member, in case there shall be more than one, from time to time, may be determined by such board according to the circumstances of each case. The annual allowance to the representative or representatives of such member, however, shall be six hundred dollars, and no part of such sum shall be paid to any such widow who shall remarry, after such remarriage, or to any child after it shall have reached the age of eighteen years.”
The board also denied petitioner’s claim to the proceeds of the life insurance upon the ground that a written designation of beneficiary filed with the board named a person other than petitioner as beneficiary of the proceeds. As to such designation, subdivision d of section B19-8.0 of the Administrative Code provides: “In case of the death of any member or of any pensioned or retired member of such department, and so contributing, there shall be paid to the beneficiary or beneficiaries named in a written designation filed with the board of trustees, or if there be no such written designation, then to the widow, or if there be no widow, then to the legal representatives of such deceased member or pensioned and retired member, the sum of two thousand dollars out of the moneys so assessed.”
It is well-established law that our courts will not disturb the determination of an administrative body unless the same can be shown to be arbitrary or capricious. (People ex rel. Schau v. McWilliams, 185 N. Y. 92; People ex rel. Caridi v. Creelman, 150 App. Div. 746.) Here no such showing is made by the petitioner. In my opinion, before the petitioner would be entitled to be considered as an applicant for the pension under the above-quoted section B19-6.0 of the Administrative Code, she must clearly establish that she is the widow of the deceased. I do not think there is any duty upon the board of trustees to determine at its peril the validity of the divorce decree obtained by the deceased in Mexico after a four months’ residence there. This was not a ‘ ‘ mail order ’ ’ divorce, such as in Querse v. Querse (290 N. Y. 13) to which our courts attach no validity whatsoever. Under such circumstances, I think the burden rests upon the petitioner to establish the invalidity of the *330 Mexican decree and her status as the widow by a plenary suit brought for that purpose.
As to the proceeds of the life insurance fund, the deceased made a written designation naming his second wife, Anna E. Monteforte Imbrioscia, as the beneficiary under the above-quoted section B19-8.0 of the Administrative Code. In the light of such designation, I do not think there was any error in the board’s determination that petitioner had not established her right to’this fund.
As to the relief sought by the respondent in her ‘ ‘ cross petition,” such application is in effect a counterclaim and may not be interposed in this proceeding. Section 1291 of the Civil Practice Act specifically provides that an answer “ must contain proper denials and statements of new matter * * *; but it may not contain a counterclaim.”
The petition and alleged cross petition are denied and the proceeding dismissed.