Herbert D. Hamm, J.
This is a proceeding in the nature of mandamus brought under article 78 of the Civil Practice Act pursuant to present section 367 of the. General Business Law. *624 The proceeding is to compel cancellation of the registration “ Wolfies ” issued to the respondent Edward Lassman. The trade-mark in question was registered on March 19, 1954.
The Secretary of State has answered that he is unable to take any cancellation action with respect to the trade-mark registration in the absence of an adjudication by the court.
Prior to September 1,1954 section 367 of the General Business Law provided: “ The supreme court may in an action brought for that purpose by any person aggrieved thereby against any person who has already filed or registered any such label, trademark or other private mark, direct the revocation of any such registration where it shall determine that the person who has already registered the same is not the rightful owner of any such label, trade-mark or other private mark.”
These quoted provisions were supplanted on September 1, 1954 by present section 367 of the General Business Law: “ The secretary of state shall cancel from the register: * * * (4) Any registration concerning which a court of competent jurisdiction shall find (a) that the registered trade-mark has been abandoned, (b) that the registrant is not the owner of the trade-mark, (c) that the registration was granted improperly, (d) that the registration was obtained fraudulently, (5) When a court of competent jurisdiction shall order cancellation of a registration on any ground.”
The petition alleges that the registration was granted improperly and obtained fraudulently. The Secretary of State has no duty to act and indeed he may not act until there has been a judicial finding of the existence of one of the conditions to cancellation alleged by the petitioner. Proceeding by way of mandamus is not the proper remedy. If a declaratory judgment were obtained and the Secretary of State then refused to cancel, mandamus clearly would be available. The petition is dismissed without prejudice to any proper procedural remedy available to the petitioner.
The intervenors have interposed a counterclaim for a declaratory judgment “ that the petitioner has no rights whatsoever in and to the trade name ‘ Wolfies ’, as used in connection with its business.” The counterclaim, being not procedurally interposable (Civ. Prac. Act, § 1291; Matter of Imbrioscia v. Quayle, 2 Misc 2d 327), is likewise dismissed without prejudice.
Submit order on three days’ notice.